CHRISTIAN THORENSEN v. MASSACHUSETTS BENEFIT ASSOCIATION OF BOSTON.[1]

June 9, 1897.

Nos. 10,503—(148).

**Mutual Benefit Insurance—Construction of Policy.**

The plaintiff became a member of the defendant association, and received a policy issued by it, conditioned that if he complied with all the rules and regulations, and paid certain annual dues, and fixed bimonthly assessments, there should be paid to a certain named person the sum of $2,500 at his decease. If he failed to comply with these conditions, the policy, by express terms, lapsed, became void, and all of the plaintiff's rights thereunder became forfeited. It was also provided in the policy that, in the event plaintiff became totally and permanently disabled, such disability to be determined in a certain way, surrendered his policy for cancellation, and made a request therefor in writing, the association would pay him $1,250 in full discharge and settlement of all claims. *Held*, although plaintiff became disabled while the policy was in force, that he could not recover under this indemnity clause, unless he exercised the option conferred by its terms before the policy lapsed, became void, and his rights thereunder were forfeited for nonpayment of assessments. The right of action under such a clause arises upon the exercise of the option, not upon the happening of the disability.

Appeal by plaintiff from an order of the district court for St. Louis county, Ensign, J., refusing a new trial after a verdict returned for defendant by direction of the court. Affirmed.

*John Jenswold, Jr.,* for appellant.

*John G. Williams* and *Francis W. Sullivan,* for respondents.

COLLINS, J. The plaintiff was a member of defendant benefit association, holding a policy by which said association agreed to pay the sum of $2,500 to Marthena Thorensen, wife, if living, and, if not, to his legal representatives, upon his decease, providing he had complied with all of the rules and regulations of the association, had paid usual dues, and had made bimonthly payments of certain specified assessments. If he failed to comply with all rules and regulations,

[1] Reported in 71 N. W. 668.

or failed to make any of these payments as stipulated, the policy provided that such failure

"shall be accepted and taken as conclusive evidence that the party has decided to terminate his connection with the association, which connection shall thereupon terminate, and the party's contract with the association shall lapse and be void, and all rights thereunder be forfeited to the association."

The policy also contained the following condition:

"In the event, however, of said member becoming totally and permanently disabled, and the determining of such disability to the satisfaction of the medical director and board of directors of this association, and upon the surrender to said association of this policy, and the cancellation of the same, there shall be paid to the said member, if he shall so request in writing, in full discharge and settlement of all claims under this contract, the sum of $1,250."

Plaintiff defaulted in the January, 1896, assessment; the time for payment expiring some time prior to February 25, 1896. On that day, and because of the failure to pay, defendant association canceled and annulled the plaintiff's policy. He made no claim and took no steps to enforce any rights until March 30, 1896, at which time he notified the association that he had become totally disabled while the policy was in force, and demanded payment of the sum of $1,250 under the terms of the condition above quoted. The association denied any and all liability, and this action was brought. The real question in the case is whether plaintiff was obliged to make his claim for payment under the total disability clause while he was a member in good standing, or could he make it within a reasonable time after he had ceased to be such member because of nonpayment of assessments? Or, to put it in another form, did his right to avail himself of the privilege given in case he became totally disabled while the policy was in force absolutely terminate when he defaulted in his payments?

The position of plaintiff's counsel is that defendant's liability became fixed and absolute at the date of his client's disability, and, if this liability attached during membership, it was immaterial that default in payments subsequently occurred. It was provided in the policy that no suit could be brought on the same unless commenced within one year from the termination of the life of the member to whom it might be issued, and, further, that all rights of action under

the policy were limited to said period of one year. Aside from this, there were no express restrictions upon the right of action. Death claims were made payable in 90 days after satisfactory proof of the death of the member. Except as we have quoted, there were no provisions as to when or how a claim arising under the total-disability clause was to be presented or paid.

In support of the contention that defendant's liability became fixed and absolute at the date of plaintiff's disability, and that subsequent default in payments did not operate to release the association, the case of Kerr v. Minnesota, 39 Minn. 174, 39 N. W. 312, is cited and relied on. But that was a case where the death of the member occurred while he was in good standing, and not subsequently. The contract to pay became absolute when the member died, without regard to what subsequently occurred. The policy could not then be canceled for anything which might afterwards happen, and the obligation to pay could only be avoided for some cause connected with the death itself, or which had existed prior thereto. The case is not in point. If it were, or if the counsel was right in his contention that under the terms of the policy the plaintiff's right to the $1,250 became fixed and absolute when he became totally and permanently disabled, without regard to what transpired thereafter, his position would be impregnable.

But the fallacy of the contention lies in the fact that the plaintiff's right to take advantage of the total disability clause was not made to depend solely upon his becoming disabled while a member of the association, but depended upon other conditions found in the policy, and which must control this case. The right of a member to avail himself of the privilege conferred by the clause in question, to surrender his policy for cancellation in case he becomes disabled, and to settle and discharge all claims against the association upon its payment of the sum of $1,250, is optional with the member disabled. He is not compelled to settle with or discharge the association, under this clause, in case of disability, but may continue a member until he dies, and then the absolute liability to pay the full sum of $2,500 immediately attaches. Although a member may become totally and permanently disabled, and continue so during his remaining years, the association has no option, and must pay $2,500 at his decease. Primarily the contract is one of indemnity only in case of death, and, if

the member remains persistent in his bimonthly payments and usual dues, this primary contract matures. The obligation of the member ends with his decease, while the contract of the association terminates with payment of the $2,500. But, if the member becomes totally and permanently disabled, he may exercise his option right by surrendering his policy for cancellation, and, in consideration of the partial payment, discharge and release the association from all further claims. If, however, he is not persistent in making payments on the days specified, or within the days of grace stipulated for, the fact is accepted as conclusive evidence of the member's determination to terminate all connection with the association.

The conditions of the policy are self-operating. The contract lapses and becomes void, and all of the member's rights are forfeited. From the language found in the conditions of the policy in respect to the effect of a failure to meet the assessments, as well as that used in the option clause itself, we are of the opinion that not only must the disability occur while the member is in good standing, but that he must exercise his option before he ceases to be a member. If, upon the happening of a contingency, the contract becomes void, and the member's rights thereunder become forfeited by self-executing provisions in the contract itself, it is impossible that he has contract rights which can afterwards be asserted. If he becomes disabled while the policy is alive and in force, and for that reason may choose between his absolute right to remain a member so long as he shall live, and his other right to exercise an option, terminate his membership, and receive partial indemnity, it is perfectly plain that his claim must be made while he has a policy to surrender and a policy right to enforce. By the terms of the contract, two things, at least, must occur, to give a right of action under the clause in question: first, the member's total and permanent disability; second, the exercise of his right of election as between the primary liability of the association or what may be called its "optional liability." Although the disability may have been complete while the policy was in force, the plaintiff's right to elect terminated when it lapsed, became void, and all of his rights thereunder were forfeited for nonpayment of the stipulated assessments.

Order affirmed.