CARLAND *v.* GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION.

Opinion delivered March 6, 1916.

INSURANCE—ACCIDENT AND ILLNESS.—A policy of insurance, agreed to pay the insured a certain sum per month in the event of illness resulting in total disability, if the disability occurred "by reason of illness that is contracted and begins after this policy has been maintained in continuous force for sixty days." *Held,* the insured or his estate could not recover under the policy, when the illness was contracted within sixty days after the issuance of the same, although the illness continued until after the expiration of the sixty-day period.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed.

STATEMENT BY THE COURT.

This suit was brought by the administratrix of the estate of J. W. Carland, deceased, to recover $192, the benefit provided in the policy of health and accident insurance issued to her intestate.

It was alleged in the complaint that J. W. Carland, entered into a contract with appellee company on the 1st day of May, 1914, whereby it agreed and undertook to insure him against accident and illness in the sum of $60 per month, for a period not exceeding 24 consecutive months of total disability resulting from either illness or accident. That he became totally disabled on the 17th day of May 1914 by illness and so continued from that day to the day of his death, August 24, 1914. That he had fully complied with the terms of his contract of insurance and that the company was notified of his illness and disability on July 1, 1914, and a report of his attending physician was furnished and it denied liability thereupon on August 10th. A copy of the policy was exhibited with the complaint.

The answer denied any liability on the policy; alleged that its liability for indemnity for sickness was limited by Paragraph "E" of the policy, which provision it pleaded in defense of the suit, as follows: "Or at the rate of $60 per month for the sum of consecutive days, after the first week, that the assured is necessarily, totally and continuously confined within the house, and therein regularly visited by a legally qualified physician by reason of illness that is contracted and begins after this policy has been maintained in continuous force for sixty days."

The policy was introduced in evidence with the receipts for premiums and the undisputed testimony shows that the deceased was taken sick on the 17th day of May, 1914, after the issuance of the policy on May 1st, and died from the illness on August 24th, thereafter.

The premiums were due on the first of each month and all paid, including the one due on August 1st, 1914.

Mrs. Norman, the daughter of the deceased, testified that when she paid the July premium, she asked the col-

lector when they could collect the indemnity and she answered not until the expiration of the illness. She explained that they needed the money and would like to have part of it, but the agent said it never had been done and further: Q. Well was that before or after you paid the premium? A. It was after, after I paid it. I told her that father was sick and had been for some time and we did not think he would get well. Q. Did you tell her the day on which he took sick, A. I don't think so, but she gave me an application blank and I knew it would show in that so I did not make any mention of the date. Q. Was there anything said about whether you would pay the premium if you had not thought you would get it? A. No, sir; there was nothing said about us getting it or not getting it." She said she would not have paid the last nor the other premium on the policy if they had not been expecting to get the indemnity under it. She exhibited the notice of August 10th from the company, denying liability because the sickness causing the disability commenced prior to the expiration of sixty days after the date of the issuance of the policy.

The court instructed a verdict for the defendant, and from the judgment this appeal is prosecuted.

*Carmichael, Brooks, Powers & Rector* and *Verne McMillen,* for appellant.

1. The agent who collected the premiums had authority to, and did, waive the provision in the policy. 83 Ark. 583; 10 L. R. A. (N. S.) 1064; 140 N. W. 851; 68 N. W. 300; 52 N. Y. Supp. 759.

2. The company is liable at least for the time that the deceased was sick, after the expiration of the sixty days, although the sickness commenced within sixty days. This question should at least have been submitted to the jury. If the company did not expect to be liable for the sixty days at $60.00 per month, or so much per day, it should not have accepted and retained the premiums. In any event the company was liable for $60.00 for July and at the same ratio for twenty-four days in August.

*Richard M. Mann* and *Price Shofner,* for appellee.

1. The transcript does not contain all the evidence. The instructions are supposed to be correct. 89 Ark. 570; 101 *Id.* 555.

2. There was no waiver in this case. 40 Enc. Law & Pr. 254. And there was no intention to waive. 40 Cyc. 261-2. There was nothing to be submitted to a jury. There was no liability whatever.

KIRBY, J. (after stating the facts.) The testimony is undisputed that the policy was issued on the first day of May, 1914, insuring the deceased, J. W. Carland, against disability due either to accident or illness under classification "E," which provides for the payment of the specified sum per month for total disability "by reason of illness that is contracted and begins after this policy has been maintained in continuous force for 60 days."

Neither is there any dispute of the fact that the deceased was taken with the illness on the 14th of May, which was continuous and from which he died. This was the contract made by the parties and the provision is plain and unambiguous, and the company incurred no liability to pay indemnity for any loss resulting to the beneficiary from illness contracted before the policy had been in force for 60 days from its date of May 1st. *American National Ins. Co. v. Otis,* 122 Ark. 219.

The insurance company is not claiming a forfeiture under its contract, but only contending as it has the right to do, that it was not bound to the payment of any indemnity resulting from the illness, under the express terms of the contract of insurance, and neither can it be required to pay indemnity for the total disability because of the illness continuing after 60 days from the date of the policy as claimed by appellee, since the company was only bound to pay for disability from an illness which was contracted and began after the policy had been in continuous force for 60 days. In other words, it cannot be compelled under the terms of its policy, to pay for an illness which was contracted before the policy had been in force 60

days, notwithstanding such illness continued beyond the term of 60 days from the issuance of the policy.

There was no testimony tending to show a waiver of this provision of the policy nor any conduct on the part of the insurer that would estop it from relying upon the provisions of the contract made by the parties. *American Insurance Co.* v. *Otis, supra.*

The testimony being undisputed, the court properly directed the verdict. The judgment is affirmed.