54    APPELLATE COURTS OF ILLINOIS.

Zink v. Supreme L. Knights of Pythias Ins. Dept., 217 Ill. App. 54.

## Jacob E. Zink, Appellee, v. Supreme Lodge Knights of Pythias Insurance Department, Appellant.

### Gen. No. 25,547.

1. INSURANCE, § 765*—*when insured's consent to change of plan shown.* In an action on a benefit certificate where the insured committed suicide, and a question arose as to whether the insured had consciously changed his insurance from one plan to another, the plan under which he was insured being terminated when he attained his 65th birthday, and where the evidence showed that the wound inflicted deprived the insured of his power of speech, that the change in plan was made by the execution of his mark, through the beneficiary, and that the insured was able to communicate his wishes by squeezing the hand of another person, the evidence established that the act was conscious, done with conscious intent, especially as the insured had intended to make the change.

2. INSURANCE, § 844*—*date of death or date of commission of act as determining time of suicide.* Where an insured committed suicide and died a few days later, on May 6, the suicide was not to be reckoned as occurring at the time of death, but occurred on April 30, the death on the later day being the result of the suicidal act.

3. INSURANCE, § 844*—*construction of by-laws as to suicide.* A by-law reducing insurance in case of suicide held not to apply where other by-laws of the fraternal order stated that the reduction should not apply to members in the "fifth class" and the member was in such class.

4. INSURANCE, § 347*—*incontestible provisions favored.* Incontestible provisions in insurance policies are favored by the law as creating a short statute of limitations in favor of the insured.

5. FRATERNAL AND MUTUAL BENEFIT SOCIETIES, § 88*—*how by-laws construed in case of conflict.* A conflict between by-laws of a fraternal order and provisions of a benefit certificate, as to payment of monthly instalments, must be resolved in favor of the insured, and the by-laws must be held to govern when in conflict with the certificate.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 8, 1920. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

EDMUND S. CUMMINGS, for appellant; WATSON & ESABEY, of counsel.

GUSTAV E. BEERLY, for appellee; ELLIS S. CHESBROUGH, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The father of the plaintiff, bearing the same name, was a member of the defendant order and was insured therein in the sum of $3,000. When he joined the order he was 28 years of age; when he died *felo de se* he had passed his 65th year, having attained that age May 5, 1917, dying on the next day. He committed the act which culminated in his death April 30, 1917. Plaintiff is the beneficiary named in the benefit certificate in suit. On a trial before the court there was a finding and judgment for $3,275, the amount of the certificate with interest, and defendant appeals.

The insured, plaintiff's father, was a member of defendant's society from the time he was 28 years of age and he was 65 when he died, as above stated. He had, during his membership in the defendant order, passed through several stages in accord with its orders, rules and regulations, in each stage making the monthly payments required by defendant's by-laws. On April 30, 1917, he shot himself in the head with suicidal intent. At that time the insured was carrying a benefit certificate in class 5, plan D, for $3,000 on a monthly payment of $8.10; the benefit certificate in suit insured him under plan A for the same amount, the monthly payment thereon being $20.85.

Defendant urges for reversal that the benefit certificate sued on is nonexistent; that the insured committed suicide, which act relieved defendant of any liability; that the premium under the benefit certificate, the payment of which was a condition precedent to the certificate's validity, was not paid.

The real controversy here involves the validity of the benefit certificate issued in plan A, in the verity of which the judgment appealed from was entered. If the insured had died May 4, 1917, the day when he completed his 65th year of life, his benefit certificate under plan D would have been in force, and unless the change was made to plan A his membership in defendant would have ceased and with it all right to any insurance benefit.

The most difficult question presented by the record for our solution is whether the change from plan D to plan A was a conscious act upon the part of the insured, Jacob E. Zink, the father. He died 6 days after he shot himself. During all of this time he was in the hospital and in a more or less unconscious condition. His wound had the effect of depriving him of the power of speech. However, he executed by his mark, through the plaintiff, the application for the transfer to plan A. When it was discovered that he could not speak he was requested to indicate his wishes by squeezing the hand of the witness McCabe in answer to questions put to him by his son and McCabe, which he did. Such act is somewhat emphasized by the known intention of the insured to make the change. We think the proof sufficient to establish the insured's act in this regard as a conscious one, done with conscious intent.

The by-laws of defendant provided that:

"Whenever a member of said Plan 'D' attains the age of 65 years, his certificate shall thereby cease to have any value or be of any effect, and payments under said certificate shall cease. Upon members of Plan 'D' attaining the age of 65 years, those who may elect to do so shall be transferred to Plan 'A,' rated at attained age, and, without, medical examination or expense for transfer, receive Plan 'A' certificates for so much insurance as they may transfer, and shall upon being transferred be treated as members of Plan 'A.'"

Five days before the insured attained his 65th year

of life he committed suicide by shooting himself in the head. Although he did not actually die until May 6, 1917, the suicide is not to be reckoned as occurring at the time of death, but as relating back to the time when the act was committed with suicidal intent, resulting in death; so that as applied to the instant case, the insured committed suicide April 30, 1917, and died as the result of such suicidal act on May 6 thereafter.

An early case to which we are cited is *Hales v. Pettit,* 1 Plowden 253, in the third reign of Queen Elizabeth, which arose from the suicide of Lord Chief Justice Hales of the Court of Common Pleas, who committed suicide by jumping from a bridge into the river below. In order to prevent a forfeiture of certain property to the crown, it was attempted to show that the chief justice when in the water struggled to get out, which, it was argued, inhibited the presumption of suicide but was evidence that the drowning was accidental. It was also proven that this legal luminary had previously attempted suicide, and the court held that aside from any assumed subsequent repentance, he became *felo de se* when he threw himself into the water with suicidal intent. So, by parity of reasoning, the suicide of the insured Zink occurred on the day he inflicted, with suicidal intent, the mortal wound. *Crane v. Chicago & W. I. R. Co.,* 233 Ill. 259, sustains by analogy the ruling in *Hales v. Pettit, supra.*

Defendant argues that in becoming insured under plan A, May 5, 1917, the insured did so in contemplation of suicide. Seeing that insured committed suicide 5 days previously, we are unable to follow counsel in their reasoning that the suicidal intent occured at the later date.

Defendant urges that there is a by-law which provides that if the death of a member results from suicide, whether voluntarily or involuntarily, sane or insane, then the amount to be paid upon the certificate should be such an amount as provided by certain mor-

58 APPELLATE COURTS OF ILLINOIS.

Zink v. Supreme L. Knights of Pythias Ins. Dept., 217 Ill. App. 54.

tuary tables, and that under such by-law there could be no recovery for the full amount of the certificate. This contention, however, falls by weight of the exception in the by-law, which reads: "provided, further, that this section shall not apply to any member of the Fifth Class who has at the time of his death been in continuous good standing in the Fifth Class for thirty-six months, consecutively, immediately preceding his death."

Plan "D" and plan "A" are both within the fifth class, and whichever plan Zink was under at the time of his death, the suicidal provision of the by-laws is not available as a defense because Zink had been a member in the fifth class many years in excess of the 36 months' limitation in the by-laws. As argued by appellee, this incontestability applies to members of the fifth class and does not differentiate between certificate holders in either plan "A" or "D." The incontestible provisions in insurance policies are favored by the law as creating a short statute of limitations in favor of the insured, as held in *Monahan v. Metropolitan Life Ins. Co.*, 283 Ill. 136.

The benefit certificate under plan "A" provided that it should not take effect until delivered in the lifetime of the member and until the first assessment is paid, and it is argued that because the first assessment was not paid, therefore the certificate was not enforceable. Section 519 of the by-laws gives members until the 20th of the month in which to pay their monthly assessments. On the application blank to transfer to plan "A" this appears: "First payment on new certificate will be for the month of May, 1917." The receipts given for the monthly payments to Zink also contained this statement: "Monthly payments due and payable to the Secretary on or before the 20th day of each month." The conflict between the by-laws and the certificate regarding the payment of

monthly instalments must be resolved in favor of the insured, and the by-laws must be held to govern when in conflict with the certificate. *Booth v. Knights of Pythias*, 187 Ill. App. 372. Furthermore, the amount of the instalment was tendered by plaintiff to the secretary and refused by that officer, who has since died, on the ground that it was not payable until the 20th of the month. Furthermore, on the 15th day of May, 1917, plaintiff paid to the secretary the first monthly payment of $20.85 on the certificate in suit and took the receipt of the secretary therefor. The application blank states that "First payment on new certificate will be for the month of May, 1917."

We see no reason for disturbing the judgment of the municipal court and it is therefore affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE MCSURELY and MR. JUSTICE DEVER concur.