## Nellie M. Hanson, Appellant, v. Northwestern Mutual Life Insurance Company, Appellee.

1. INSURANCE—*declaration of forfeiture as prerequisite to defense of nonpayment of premium.*   Nonpayment of the premium on a life insurance policy on the date when due, as extended by the period of grace provided in the policy, may be set up as a defense in a suit on the policy although the insurer never formally declared a forfeiture, where the policy provides specifically that it shall cease and determine upon default in payment of any premium and there has been no waiver of payment or estoppel to receive it.

2. INSURANCE—*proof of disability as condition precedent to waiver of premiums under disability clause in life policy.*   The rule of strict construction of an insurance policy against the insurer cannot operate to nullify the clear and specific provision of an "agreement supplementary" to a life policy providing for the waiver

16    APPELLATE COURTS OF ILLINOIS.

Hanson v. Northwestern Mut. Life Ins. Co., 229 Ill. App. 15.

of premiums during the period of total disability of the insured upon the furnishing to the insurer of proof satisfactory to it of such disability and the suitable indorsement thereof by the insurer on the agreement; and where the insured was disabled five days before his premium was due and died after the due date without payment thereof or without making any proof of disability, there can be no recovery on the policy.

3. INSURANCE—*payment of premium by disabled insured as prerequisite to remission thereof under disability clause.* Under a provision of a life policy waiving payment of premiums during total disability of the insured upon proof of disability and for the remission of any premium falling due after receipt by the insurer of proof of disability and before acceptance thereof by it but making such premium payable by the insured, the payment of such premium within the time limited in the policy is a necessary prerequisite to make such provision operative.

4. INSURANCE—*termination of "agreement supplementary" to life policy for nonpayment of additional premium.* An "agreement supplementary" to a life insurance policy, providing for the waiver of premiums in case of total disability of the insured and satisfactory proof thereof, automatically terminates on nonpayment of the additional premium required to be paid on account of such agreement, within the time allowed by the policy for annual premium, where the agreement provides that the additional payment shall be made on the same date as the annual premium or within the period of grace allowed by the policy, although the insured was totally disabled five days before the period of grace expired and died thereafter without having paid either the annual or the additional premium.

5. INSURANCE—*when death of insured does not relate back to date of disabling injury.* The date of death of an insured under a life policy who received totally disabling injuries before the date when the annual premium was due on his policy and died after such date, will not be held to date back to the date of the injuries to avoid a forfeiture for nonpayment of the premium, in the absence of any provision in the policy authorizing such construction of the policy.

Appeal by plaintiff from the Circuit Court of Massac county; the Hon. D. T. HARTWELL, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed April 3, 1923.

FRED SMITH, for appellant.

H. A. EVANS, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

Nellie M. Hanson, the appellant, prosecutes this appeal from a judgment in bar of action and for costs rendered by the circuit court of Massac county against her in an action in assumpsit brought on an insurance policy for $2,500 issued by appellee on the life of Frederick T. Hanson, her husband.

The declaration consists of one count and sets out *in hæc verba* the policy sued on and alleges that the insured had performed all things necessary on his part to be performed, under the terms of said policy. To this declaration appellee filed a plea of the general issue and a special plea, alleging default in the payment of the premiums due March 5, 1921, and alleging that the death of the insured occurred after the expiration of the thirty-one days of grace provided in said policy. Issues were joined on said pleas, a jury was waived and the cause was heard by the court on a stipulation of facts in substance as follows:

That the policy in question issued by appellee company on the life of Frederick T. Hanson was made payable to appellee, his wife; that the first premium of $92.30 was paid and an additional premium of sixty-eight cents, pursuant to an "Agreement Supplementary" attached to said policy.

It was further stipulated that the premium for the second year due March 5, 1921, was not paid and that on April 3, 1921, the insured was fatally injured in an automobile accident, and died on April 8, following; that from the time of said injury to his death he was physically and mentally disabled from performing any labor and had not sufficient mind to attend to business.

It was further stipulated that proper proof of death was made on April 18, 1921, and showed that the deceased was totally and completely disabled from the time of his injury to the time of his death.

The court found the issues for appellee and entered judgment as hereinbefore set forth.

It is contended by counsel for appellant that under the provisions of said "Agreement Supplementary" taken in connection with the thirty-one days of grace provided for in said policy the payment of the premium falling due March 5, 1921, should be held to have been waived by appellee.

The law is that where there has been no waiver in the payment of premiums or estoppel to receive such payment, and the insurance policy provides it shall cease on failure to pay the premiums, and there has been a failure to pay premiums as provided for in the policy, it terminates and the insurer is not required to formally declare a forfeiture of the policy upon the breach of condition to pay, but it will be sufficient to set up such breach as a defense when suit is brought for the loss. *Schimp v. Cedar Rapids Ins. Co.*, 124 Ill. 354-357; *United States Life Ins. Co. v. Ross*, 159 Ill. 476-488; *Rose v. Mutual Life Ins. Co.*, 240 Ill. 45.

In *United States Life Ins. Co. v. Ross, supra,* the court, at page 488, says: "The condition in the policy is, that upon a failure to pay the premium when due the contract shall become null and void and of no effect,—not, as seems to be contemplated by this instruction, that the failure to pay should authorize the company to declare a forfeiture. Here, the question for the jury being whether or not there had been a waiver of the condition, if they found that fact against the plaintiff she could not recover, because by the terms of the contract it was void. Thus we said in *Schimp v. Cedar Rapids Ins. Co.*, 124 Ill. 354: 'The policy being a valid obligation and binding contract between the parties, upon its delivery to the assured the risk attached and commenced running, and would have continued to run until the loss occurred but for breach of its conditions by the assured, which ren-

dered it void at the election of the company, and it is not claimed that there was any waiver of such breach until after the commencement of the present suit. The insurer is not required, in such case, to formally declare a forfeiture. It is sufficient to set it up by way of defense when sued for the loss, as was done in this case.' ''

Paragraph six of the policy sued on provides as follows: ''The insurance under this policy is based upon annual premiums payable in advance, but payments may be made semi-annually or quarterly, in advance, at the premium rate now in use by the company. Change may be made on any anniversary of the policy. No premium after the first will be considered paid (except it be duly charged as a premium loan) unless a receipt, signed by the president or secretary of the company and countersigned by an agent authorized to receive such premiums, shall have been given therefor. Upon default in the payment of any premium this policy shall cease and determine except as hereinafter provided.''

And paragraph seven provides: ''A grace of thirty-one days, during which time the insurance will remain in full force, shall be allowed for the payment of every premium except the first.''

It will therefore be observed under the provisions of this policy that at the end of thirty-one days from March 5, 1921, being April 5, 1921, unless the premium then due was paid, the policy by its provisions terminated, and under the authorities above cited there was no necessity that appellee should have taken any positive action in order to terminate it. That defense can be made in this suit.

Counsel for appellant practically concede that this would be true except for the ''Agreement Supplementary.'' The provision relied on is as follows: ''If, after payment of regular premium for one full year and during the continuance of this Agreement,

the Insured shall, prior to his 60th birthday anniversary, furnish proof satisfactory to the Company that he has become totally and permanently disabled from any cause and is physically or mentally incapacitated to such an extent that he is and presumably will be wholly and permanently unable to engage in any gainful occupation or perform any work for money compensation, the Company on receipt of such proof will by suitable endorsement of this Agreement waive the payment of the premiums thereafter falling due under said Policy and this Agreement during the continuance of such disability.''

An examination of these provisions and of the stipulation of facts will disclose that appellant has not brought her case within the terms thereof. There is no contention that proof that the insured was incapacitated physically or mentally was furnished appellee company prior to April 5, 1921, the date of the expiration of said days of grace, or that such proof was made prior to the death of the assured, which occurred on April 8, neither is there proof that any indorsement was made by appellee company as provided in said ''Agreement Supplementary.'' Counsel for appellant, however, contends that policies of insurance where prepared by the insurance company should be strictly construed against the company and liberally construed in favor of the assured, and that where there is any ambiguity or uncertainty in the language used, that that uncertainty should be resolved against the company.

A long line of cases were cited supporting this proposition. While the law is as stated by appellant's counsel, yet the courts will not, by construction alone, make a new contract for parties or disregard the plain terms and conditions in the policy or the undisputed evidence contained in the record. *Schuermann v. Dwelling-House Ins. Co.,* 161 Ill. 437-439; *Covenant Mut. Life Ass'n v. Kentner,* 188 Ill. 431-440.

The policy of insurance entered into by the insured and the company and the application signed by the insured together constitute a written contract. Any controversy in regard to such contract must be determined by an examination of the policy and application. *Commercial Mut. Acc. Co. v. Bates,* 176 Ill. 194-204; *Treat v. Merchants' Life Ass'n,* 198 Ill. 431-436.

The provisions in the "Agreement Supplementary" to the effect that proof of the disability shall be furnished and a suitable indorsement or receipt of such notice shall be made by the company, is clear and specific and needs no construction. The proofs in question were not furnished or the indorsement made. It is also provided in paragraph three of the "Agreement Supplementary": "Such premiums as fall due after the receipt by the company of satisfactory proof of disability and prior to the acceptance thereof shall be payable by insured, but the same shall be remitted by the company." Under this provision it became necessary not only that the proof be furnished, of the disability and a receipt of such proof indorsed by the company, but also that the premium be paid as per the terms of the policy, the company afterwards to remit the same to the insured. The stipulations of facts conclusively show that this provision of the "Agreement Supplementary" was not met by the assured.

Paragraph six of the "Agreement Supplementary" also provides: "The nonpayment of the extra premium as required by the Agreement, either on the date or within the days of grace provided by said Policy, shall automatically terminate this Agreement, but same may be reinstated, provided the said policy be then in full force, upon satisfactory proof to the Company of the insurability of the Insured and payment of all premium arrears with interest at the rate of five per cent per annum."

In order, therefore, that this "Agreement Supple-

mentary'' should continue in force, it was necessary that this annual payment of sixty-eight cents be made either at the time the annual premium fell due or within the thirty-one days of grace given under the policy. In default thereof the ''Agreement Supplementary'' would automatically terminate. The sixty-eight cents necessary to be paid in order to keep the ''Agreement Supplementary'' in force was not made. We therefore hold that at the time of the death of the insured, viz., April 8, 1921, the ''Agreement Supplementary'' as well as the policy had, under its expressed terms, terminated.

Counsel for appellant further contends that notwithstanding the insured did not die until April 8, 1921, three days after the expiration of said days of grace, it should be held that his death related back to the time of his injury, and cited in support of this contention: *Zink v. Supreme Lodge Knights of Pythias Ins. Dept.*, 217 Ill. App. 54.

In that case it was held that where a party had attempted suicide on a certain date and later died on account thereof, that in construing the effect of this act on a provision in the policy with reference to death by suicide it should be held that the death of the assured related to the time of his attempted suicide. We do not think that the case at bar comes within the rule laid down in that case; the two propositions are entirely different.

We are of the opinion that no right of recovery in favor of appellant on the policy of insurance sued on is disclosed by the record. The judgment of the trial court will therefore be affirmed.

*Judgment affirmed.*