MRS. MARY WOLFE v. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

Middle Section.   July 24, 1926.

No petition for Certiorari was filed.

1. **Insurance. Forfeiture for non-payment of premiums is not avoided because of illness of assured.**
   Where a forfeiture for non-payment of premiums is provided for, sickness or incapacity is no ground for avoiding the forfeiture or for granting relief in equity unless so provided in the face of the policy.

2. **Insurance. Sickness of assured does not avoid necessity of making proof of disability.**
   Where the policy provides that on satisfactory proof to the company of the incapacity or disability of the insured, the premiums payable for the remaining years shall cease or be remitted during the incapacity, and required proof of disability while the policy is in force, the assured is not excused by the fact that he was sick when the premium fell due, and so remained sick until death. The beneficiary cannot collect where no proof of disability was made before the policy lapsed.

3. **Insurance. Insurance policy continues in force until expiration of grace.**
   Where insurance policy provides for days of grace for the payment of the premiums the policy continues in force until the expiration of the grace and it is immaterial whether disability or death arises before the due date of the premium or during the days of grace.

4. **Insurance.** Where notice of disability is a condition precedent it must be given.

Where notice or proof of disabilities is required as a condition precedent it must be given in order to hold the company liable.

5. **Insurance. Evidence.** Evidence held to show policy had lapsed before death of assured.

Where the assured took ill before the expiration of the days of grace on his insurance policy and was unconscious until death, but did not die until after the days of grace had expired and where no notice of disability was given to the company, before death, held that the policy had expired and plaintiff could not recover on the policy.

Appeal from Chancery Court of Davidson County; Hon. John R. Aust, Chancellor.

Affirmed and bill dismissed.

Roberts & Roberts, of Nashville, and R. W. Milner, of Manchester, for appellant, Wolfe.

Walter Stokes, of Nashville, for appellee, Insurance Company.

CROWNOVER, J. This was a suit on five policies of insurance of $1000 each, issued on June 6, 1923, by the defendant, Insurance Company, on the life of complainant's husband, Samuel V. Wolfe, payable to the complainant, and for twenty-five per cent penalty provided by statute. The premiums on said policies had been paid for one year but no other premiums were paid. The assured was stricken with appendicitis on July 4, 1924, and was immediately operated upon and died on July 11, 1924. After he was stricken he was never able to transact any business.

The policies contained provisions that all premiums were payable annually on June 6th, of each year in advance, and a grace of thirty-one days was granted for the payment of every premium after the first during which period of grace the insurance should continue in force, and if any premium be unpaid at the end of grace, then the policy would immediately cease and become void, and all premiums paid be forfeited.

Each policy contained provisions for benefits in the event of total and permanent disability, for which the assured was charged $2.59 annually. Each policy provides that if the assured shall before attaining the age of sixty years and provided all past due premiums have been duly paid and the policy is in full force and effect, furnish due proof to the company at its home office (in the City of New York), of such disability, then the company will, during the continuance of such disability, waive payment of each premium as it becomes due, commencing with the first premium due after approval of due proof of such disability, and that any premium due prior to such approval by the company must be paid in accordance with the

terms of the policy, but if due after receipt of said due proof, if paid, will be refunded upon approval of such proof.

The bill alleged the issuance of aforesaid policies and the payment of the first premium, the illness and death of the assured, and that sometime prior to the death of the assured he was ill and totally incapacitated by reason of his mental and physical condition to transact business of any kind; and charged that under the terms of said policies, by reason of his condition, the said policies did not lapse and the assured had not forfeited his rights in said policies. It was further alleged in the bill that the formal proof of the assured's death was made and furnished to the defendant and that it had arbitrarily refused to pay the amount of said policies; hence, this suit was instituted for the sum of $5000, together with the twenty-five per cent penalty, provided by the statute.

The defendant, company, answered and denied all liability, and relied on the defenses:

(1) That the policies had lapsed for the non-payment of premiums;

(2) That the dividends of $5.94 proposed to be allowed on each policy were not applied on the premium, because no dividends had actually accrued under the terms of the policies, as each policy provided that a dividend should accrue upon the payment of the second premium, and this second premium had not been paid by the assured, hence, he was not entitled to any dividend; that the policies also provided that after the payment of the second premium, the accrued dividend might be applied upon the payment of the premium when so requested by the assured, which request was not made by the assured;

(3) That the assured was not entitled to disability benefits, including the waiver of payment of premium, because no proof of disability was ever furnished to the company at its home office or elsewhere.

(4) Because the bill did not allege that the defendant company had waived payment of the second year's premium on due proof of total disability.

At the hearing the chancellor dismissed the bill, and the complainant has appealed and has assigned errors insisting that the chancellor erred:

(1) Because the assured was stricken within the thirty-one days of grace, while the policies were in force, and that the lapsing of a policy insuring against total disability does not operate as a release of the insurer from liability which has arisen prior to the time of lapsing of the policy.

(2) Because the company mailed notices to the assured in which it was stated that each policy had earned a dividend of

$5.94 during the preceeding year which had been credited on the premium on each policy, and which operated as part pay- ment of the premiums and left the policies in force.

After a careful examination of the authorities we are constrained to hold that neither of the assignment of errors is well taken.

These policies were issued on June 6, 1923, and the premiums were paid for the first year. No other premiums were paid. By the terms of the policies, a grace of thirty-one days was granted for the payment of the premium, during which period of grace the insurance continued in force. The days of grace expired on July 7, 1924. The assured was stricken with appendicitis on July 4th, and died on July 11, 1924. He was thirty-five years of age. Neither the assured nor the complainant furnished any proof of his dis- abilities to the company at its home office or elsewhere before the thirty-one days of grace had expired, as required by the policies. The company did not agree to waive payment of premiums except those due after approval of due proof. The provisions of the po- licies with respect to the benefits in the event of total and permanent disability are in part as follows:

"When such benefits take effect. If the insured, after pay- ment of premiums for at least one full year, shall, before at- taining the age of sixty years and provided all past due pre- miums have been duly paid and this policy is in full force and effect, furnish due proof to the company at its home office either (1) that he has become totally and permanently disabled by bodily injury or disease, so that he is, and will be, permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit, and from following any gainful occupation, (2) that he has suffered any of the following 'Specified Disabilities' etc., . . . the company, upon receipt of approval of such proof, will grant the following benefits:

First, Waiver of Premium. The company will during the continuance of such disability, waive payment of each premium as it becomes due, commencing with the first premium due after approval of said due proof. Any premium due prior to such approval by the company must be paid in accordance with the terms of the policy, but if due after receipt of said due proof, will, if paid, be refunded upon approval of such proof.

Second, Income to insured. The company will, during the continuance of such disability, pay to the insured a monthly income at the rate of $10 for each $1000 of the face amount of this policy (but not include dividend additions), the first such monthly payment being due on receipt of said due proof and subsequent payments on the first day of each calendar month

thereafter, if the insured be then living and such disability still continue. No income payments, however, will be made prior to approval of such proof by the company as satisfactory, but upon such approval, whatever income payments shall have become due will then be paid and subsequent payments will be made when due." etc.

It will thus be seen that under the foregoing provisions two conditions must arise before the benefits take effect:

(1) The assured must become totally and permanently disabled by bodily injury or disease, or suffer one of the "Specified Disabilities," and

(2) That the assured shall furnish due proof to the company at its home office of such disabilities. Upon the compliance with these conditions the company will waive payment of the premiums, commencing with the first premium due after approval of said due proof.

Where a forfeiture for non-payment of premiums is provided for, sickness or incapacity is no ground for avoiding the forfeiture or for granting relief in equity unless so provided in the face of the policy. See 14 R. C. L., 987, Sec. 160; and also page 976, Sec. 148; Thompson v. Federal Mutual Life Insurance Co., 116 Tenn., 557.

Where the policy provides that on satisfactory proof to the Company of the incapacity or disability of the insured, the premiums payable for the remaining years shall cease or be remitted during the incapacity, and requires proof of disability while the policy is in force, the assured is not excused by the fact that he was sick when the premium fell due, and so remained sick until death. He cannot collect where no proof of disability was made before the policy lapsed. 14 R. C. L., 996, Sec., 168; 37 C. J. 484; Hill v. Fidelity Mutual Life Insurance Co., 128 Ga., 491, 12 L. R. A. (N. S.) 319; Wick v. Western Union Life Insurance Co., 104 Wash., 129; Insurance Co., v. Alexander, 122 Miss., 813, 15 A. L. R. 314; Trainmen v. Dee, 101 Tex., 597, 111 S. W. 396; Thorensen v. Mass. Benevolent Assn., 68 Minn., 477.

However, there are some cases apparently to the contrary. See Southern Life Insurance Co. v. Hazard, 148 Ky., 465, 146 S. W. 1107; Merchants Life Insurance Co. v. Clark, (Tex.), 256 S. W., 969; State Life Ins. Co. v. Fann (Tex.), 269 S. W., 1111; Metropolitan Life Insurance Co. v. Carroll (Ky.), 273 S. W., 54.

So far as we have been able to ascertain this question has not been decided by our Supreme Court. And after a careful review of the authorities we think the better reasoning is set out in the cases of Wick v. Western Union Life Insurance Company, 104 Wash., 129; Hanson v. Northwestern Mutual Life Insurance Company, 229 Ill. App., 15; and Insurance Co. v. Alexander, 122 Miss., 813.

Of course, it is immaterial whether the disability arose before the due date of the premium or within the days of grace as the policy continues in force until the expiration of the grace. See Hanson v. Northwestern Mutual Life Ins. Co., 229 Ill. App., 15; Aetna Life Ins. Co. v. Palmer (Ga.), 125 S. E., 829; Metropolitan Life Ins. Co. v. Carroll (Ky.), 273, S. W., 54. And the lapsing of a policy insuring against total disability does not operate as a release of the insurer from any liability which has arisen prior to the time of the lapsing of the policy. See Bankers Life Assn. v. Byassee (Ark.), 41 A. L. R., 379. But where notice or proof of disabilities is required as a condition precedent it must be given in order to hold the company liable. See Bankers Life Assn. v. Byassee, supra; Head v. National Life Stock Insurance Co., 5 Hig., 180; Blackman v. Casualty Co., 117 Tenn., 578; Cotton Oil Co. v. Indemnity Co., 140 Tenn., 438.

Hence, we hold that it was incumbent upon the assured to notify the company of his total disability before the policies lapsed, as each provided that proof of disability be furnished the company at its home office while the policy was in full force and effect. This was a condition precedent to waiver of premium. No proof of disability having been furnished the company while the policy was in force, it results that the policies lapsed. See Hanson v. Northwestern Mutual Life Insurance Co., 229 Ill. App., 15.

However, it is insisted that the company owed the assured dividends of $5.94 on each policy, and that the policies had not lapsed at the death. We think there is nothing in this contention because the clause concerning the annual dividends provides that the assured shall participate in the dividends upon the payment of the second year's premium. He had paid only the first year's premium, hence, he was not entitled to participate in the dividends and the company owed him nothing. The notices, as sent by the company, were mere blanks to be filled out by the assured making requests that the dividends be applied on the payment of the second year's premium. These blanks were not signed by the assured; hence, there is nothing in the contention.

If the company owed dividends to the assured it might be applied on the premium with the consent of the company, which was not done in this case; but if these dividends had been applied on the premium of the policies, it would not have paid the premiums, as the premium on each policy amounted to $30.81, and no provisions were made for the payment of the premiums by installments, but on the contrary the policies provided that the whole premium should be paid yearly in advance, in default of which the policy should lapse after the expiration of the thirty-one days of grace. Part payment of a yearly premium does not keep the policy alive. See 37 C. J. 494; 14 R. C. L., p. 976, Sec. 148, Note 3.

It results that the assignment of errors must be overruled and the decree of the chancellor dismissing the bill is affirmed. The cost of the cause, including the cost of the appeal, is decreed against the appellant and surety on the prosecution bond, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.