WALTERS *v.* LIFE INSURANCE COMPANY.*

(*Knoxville,* September Term, 1929.)

Opinion filed October 19, 1929.

542

THURMAN AILOR and CHAS. F. KITTS, for complainant, appellant.

C. L. WAGGONER and A. L. EVANS, for defendant, appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a suit on a twenty pay participating life insurance policy issued by the defendant on the life of complainant on October 23, 1922, for the sum of $2500.

On account of an error in the statement of the age of the insured, the amount of the policy was reduced to $2433. The annual premium of $110 was paid each year up to and including the one due in October, 1926. The policy provided for the payment of a monthly indemnity of one per cent of the face value of the policy in case the insured became totally permanently disabled, and in that event all future premiums were waived. In May, 1926, complainant became totally disabled but there is no evidence that he was permanently disabled at that time or since.

In May, 1927, complainant filed proof with the defendant of his total disability. On August 5, 1927, defendant began and has since paid complainant each month the sum of $24.33.

The bill in this cause was filed to recover the monthly indemnity from August, 1926, to August, 1927, and to recover the annual premium paid in October, 1926.

The theory of complainant is that he was entitled to monthly indemnity beginning three months subsequent to

the date he became totally disabled, and that he was not liable for premiums after he became totally disabled, and that he paid the premium in October, 1926, through mistake.

The essential part of the indemnity provision of the policy is in this language:

''If after one full annual premium shall have been paid on this policy and before default in the payment of any subsequent premium, the Insured shall furnish to the Company due proof . . . that he has been wholly and continuously disabled by bodily injuries or disease other than mental and will be permanently, continuously and wholly prevented thereby from pursuing any occupation whatsoever for remuneration or profit, provided, that such total and permanent disability shall occur before the anniversary of the policy on which his age at nearest birthday is sixty years, the Company by endorsement in writing on this contract will agree to pay (a) The premiums which shall become payable after the accrual and proof of said disability and during the continuance thereof, and (b) commencing immediately from the acceptance by the company of the original proofs of disability, provided the Insured is still disabled, a monthly income during the lifetime of the Insured, prior to the maturity of this policy as an endowment or death claim, of one per cent of the face amount of this policy. The amount otherwise payable at the maturity of this policy shall NOT be reduced by any premiums or installments paid under the above provisions. If disability is total but not obviously permanent it shall be presumed to be

permanent after continuous total disability for three months and the waiver and installments shall accrue from the beginning of the fourth month of such continuous total disability.''

A disability may be total without being permanent. The policy insures against total permanent disability, but it provides that where total disability exists for three months it shall be presumed to be permanent.

The provision of the policy quoted above is plain and unambiguous. When the insured files proof of total permanent disability his liability for future premiums ceases and the right to monthly indemnity accrues.

When the insured files proof of total disability his right to monthly indemnity accrues in three months from that time, provided such total disability has continued during that period. When the right to monthly indemnity accrues the company is to pay the premiums as they accrue, so long as the total disability continues.

In this case the insured filed proof of total disability in May, 1927, so that in three months therefrom, or in August, the company was obligated to begin paying monthly indemnity, which it did. It has likewise paid the premiums accruing since that time.

The company had received no notice of total permanent disability when the annual premium became due in October, 1926, hence the insured and not the company was liable for same.

There is no provision in the policy requiring the company to pay indemnity for total permanent disability existing prior to the filing of proof thereof. The terms of the agreement are to the contrary.

The decree of the Court of Appeals granting complainant the relief prayed for in his bill is reversed, and the decree of the Chancellor dismissing the bill is affirmed.