### BANK SAV. LIFE INS. CO. v. MILAN.

No. 9197.

Court of Civil Appeals of Texas. San Antonio.

Dec. 6, 1933.

Rehearing Granted in Part and Overruled in Part Jan. 24, 1934.

Rehearing Granted March 7, 1934.

Rehearing Denied April 11, 1934.

Seabury, George & Taylor, of Brownsville, and Harry W. Frazee, of Lawrence, Kan., for appellant.

Adams & Glass, of Harlingen, for appellee.

MURRAY, Justice.

Appellee, William C. Milan, instituted this suit against the Bank Savings Life Insurance Company, of Topeka, Kan., appellant, to recover disability benefit in the sum of $100 per month, under a policy issued by the appellant to appellee, on January 5, 1928. A trial before the judge, without a jury, resulted in a judgment for Milan, and the insurance company has perfected this appeal.

There was no controversy in the trial court as to the issuance of the insurance policy, nor as to its provisions. The policy contained, among others, the following provisions:

"Waiver of Premium and Monthly Income Disability Benefits. The Company will grant the Disability Benefits stipulated below upon receipt at its Home Office, during the lifetime of the Insured and before default in the payment of any premiums, of due proof that the Insured, prior to the anniversary of the date hereof nearest the sixtieth anniversary of his birth, has become wholly disabled by bodily injury or disease from causes originating after this policy shall have gone into effect, so that he is and presumably will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit or following any gainful occupation, and that such disability has existed continuously for not less than ninety days prior to the furnishing of such proof; Provided, that such disability shall not result directly or indirectly, or wholly or partially, from riding or being in or upon or using any aerial or submarine device or conveyance; nor from engagement or participation in any branch of military or naval service in time of war. The total and irrevocable loss of the entire sight of both eyes, the severance of both entire hands or both entire feet, or similar loss of one hand and one foot shall be considered as total and permanent disability within the meaning of this provision. In connection with such proof, the Company shall have the right and opportunity to examine the person of the Insured.

"Waiver of Premiums. The Company will waive the payment of any premiums becoming due after approval of such proof. Any premium falling due prior to receipt of said proof is payable in accordance with the terms of the policy, but if due after receipt of said proof, will be refunded.

"Monthly Income to Insured. In addition to the above benefits, the Company will pay to the Insured the sum of $100.00 on the first day of each month during the continuance of the said total disability. The first monthly payment shall accrue on the first day of the calendar month following the date of receipt, as hereinbefore provided, of such due proof. If there be any indebtedness on the policy, the interest thereon shall be deducted from the monthly payments.

"Any monthly payments accruing before the Company approves the proof of disability shall be paid immediately upon approval of such proof with interest at 5% per annum from date of accrual."

Appellee pleaded in his petition the above provisions and his compliance with same. Appellant's answer consists of a general demurrer and a general denial.

In compliance with the provisions of his policy, appellee executed a sworn statement on January 29, 1932, claiming total disability, and in giving full details of the cause of his disability stated that it was caused by exposure during the World War, resulting in lung trouble. If this be true it is apparent that his disability arose from causes which did not originate after his policy was issued. There was considerable correspondence between the parties. On March 3, 1932, appellant wrote to Lennox & Lennox, lawyers representing appellee at that time, and made it very clear that one of the reasons appellant was denying liability was that appellee's sworn statement disclosed the fact that his disability arose from causes which existed prior to the issuance of his policy.

Appellee never at any time withdrew, corrected, contradicted, or explained this statement before the trial of his cause. It is not contended by appellee that the provision of his policy which required him to furnish this statement showing that his disability was

the result of causes originating after the issuance of the policy was invalid or void from any reason whatsoever.

Appellee does make the contention that if the proof furnished by him was defective it was the duty of the insurance company to notify him of such defect and thus give him an opportunity to cure the defect. In this contention appellee is no doubt correct, but in this case the proof of disability was not defective; it was complete in every respect; however, it affirmatively showed that appellant was not liable under the policy for such disability.

■ It is settled law that where the assured furnishes proof of disability which shows on its face that the insurance company is not liable for such disability, the insurance company has a right to rely upon such sworn statement, unless it is withdrawn, corrected, contradicted, or explained, and this cannot be done for the first time upon the trial of an action on the policy. 29 C. J. 280; U. S. Health & Accident Company v. Jolly (Ky.) 101 S. W. 1179; Carland v. Gen. A., F. & L. Assur. Corp., 122 Ark. 468, 183 S. W. 965.

■ Appellee further contends that this matter, not being specially pleaded by appellant, it is not in a position to base its defense upon this proposition. We disagree with this contention. Appellee pleaded the provisions of the policy and his compliance with the same. Appellant's general denial placed all of these matters in issue. As a matter of fact appellant was able to develop upon the cross-examination of appellee that he had executed this sworn statement showing that the insurer was not liable to him for his disability under the terms of the policy. The trial court granted appellee judgment for his disability, together with a penalty of 12 per cent. and attorney's fees in the sum of $750, in the face of the fact that appellant was doing what it had a clear right to do under the terms of its policy and the sworn statement of appellee.

■ The record further shows that appellee has defaulted in the payment of his premiums and permitted his policy to be defaulted for such nonpayment, without ever having furnished appellant' a statement in any way showing it to be liable under the policy for his disability. The policy provides that such proof must be furnished before default in payment of premiums. The policy is now canceled by reason of appellee's failure to either furnish proof of disability arising from causes originating since the issuance of his policy, or to keep his premiums paid.

■ Appellee makes the contention that appellant having denied liability, proof of liability is of no importance and that he may maintain this suit on this theory alone. This might be true under some circumstances, but not where a company has in its possession a sworn statement of the assured showing the insurer not to be liable under the terms of the policy and makes it clear that in denying liability it is relying upon such statement. The assured cannot establish the liability of the insurer until such statement is either withdrawn, corrected, contradicted, or explained, and this cannot be done for the first time at the trial of an action on the policy. It is apparent that it would be unjust to cast the insurer in the payment of heavy penalties and attorney fees for denying liability, when such denial is based upon the uncontradicted or unexplained sworn statement of the insured himself.

For the reasons above set out the judgment of the trial court is reversed, and judgment here rendered in favor of appellant.

## On Motion for Rehearing.

We have concluded that we were in error in holding under the facts in this case that the policy had become canceled for nonpayment of premiums.

It seems to be settled law in this state that under a policy containing provisions similar to those in this policy, the waiver of premiums dates from the time the insured becomes totally disabled and not from the date that the proof is received and approved by the insurance company. State Life Ins. Co. v. Barnes (Tex. Civ. App.) 58 S.W.(2d) 189, and authorities there cited.

Under the above authorities we hold that this policy is not barred and canceled for nonpayment of premiums. This being true, judgment should not have been here rendered, but the cause should have been remanded for another trial.

That part of our former judgment which rendered judgment for appellant will be set aside, and this cause will be remanded for another trial.

## On Motion for Rehearing by Appellant.

Upon further consideration of this case we have concluded that our first opinion makes the proper disposition of this cause, and that our opinion on appellee's motion for a rehearing is not correct.

Our attention is called to the fact that the language used in the policy involved in the Barnes Case, supra, is very different from

that language contained in the present policy which deals with the waiver of premiums. In the Barnes Case it was held that the language was ambiguous and should be construed most favorably to the insured. We are not able to say that the language used in the present policy is ambiguous, but, on the other hand, it is apt and unequivocal and can only be construed as meaning that the insurance company agrees to waive all premiums becoming due after the receipt at its home office of due proof that the insured has become wholly disabled from causes originating after the policy had gone into effect. Walters v. Jefferson Standard Life Ins. Co., 159 Tenn. 541, 20 S. W.(2d) 1038, 1039; New York Life Ins. Co. v. Farrell (Ark.) 63 S.W.(2d) 520; 24 Tex. Jur. p. 862, § 138; Hanson v. Northwestern Mutual Life Insurance Co., 229 Ill. App. 15; Wick v. Western Union Life Ins. Co., 104 Wash. 129, 175 P. 953; Bergholm v. Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416.

Appellant's motion for a rehearing will be granted, and judgment remanding this cause will be set aside, and judgment here rendered as ordered in our original opinion.