WAVERLY B. HALL, COMPLAINANT, APPELLANT, *v.* ACACIA MUTUAL LIFE ASSOCIATION, DEFENDANT, APPELLEE.

*(Nashville,* December Term, 1931.)

Opinion filed February 13, 1932.

L. E. LAMB, for complainant, appellant.

SIVLEY, EVANS & McCADDEN and JOHN B. SNOWDEN, II, for defendant, appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The Company issued to Hall a life policy, August 1, 1927. The August premium was not paid in 1929, but an extension agreement was made by which payment of this premium was extended to February 1, 1930. Payment

was not then made, but it was tendered February 14th and receipted for conditionally only. Reinstatement was later rejected and the payment refused and returned.

The policy carried a total and permanent disability rider, and the controversy on this appeal arises under this rider. The stipulated facts show that Hall became disabled on or about January 2, 1930, and was not in physical and mental condition to attend to business from that date, and not until after February 1st, when his policy lapsed under its terms for failure to pay the premium extended to that date. Construction of the following clauses of the disability rider is called for, and is determinative of this suit:

"In consideration of an additional annual premium of $12.80, payable at the same time and under the same conditions as the regular premium under the above numbered policy, the Acacia Mutual Life Association hereby agrees:

"To waive the future premiums as the same became due during total and permanent disability;

"To pay the member an income of Fifty and No/100 ($50) dollars each month during total and permanent disability, until the policy becomes payable by death or maturity; provided,

"The member, or, if he is incapacitated, his personal representative, furnishes the Association at its Home Office, before default in the payment of premium, satisfactory proof of the member's total and permanent disability (as defined below), and provided further that such disability originated after the policy to which this agreement is attached became effective and before the anniversary of said policy nearest the member's sixtieth (60th) birthday, subject to all of the following terms and conditions:"

The Company insists that the agreement (1) to waive future premiums (which in this case would include the premium due and unpaid February 1st), and (2) to make monthly payments, are subject to the expressed proviso that, "the member, or, if he is incapacitated, his personal representative, furnishes the Association at its Home Office, before default in the payment of premium, satisfactory proof of the member's total and permanent disability," etc. The rider further recites that "benefits" start from the date proof is received at the Home Office.

The theory of appellant is thus stated on his brief:

"The Total and Permanent Disability Agreement is reasonably susceptible to the construction that the requirement to file proof of disability only refers to, and qualifies only the second paragraph containing the agreement to pay an income during disability, and therefore does not refer to, and qualify the first paragraph, containing the agreement to waive premiums during total and permanent disability."

Appellant also sets up waiver, based on the alleged knowledge and conduct of the Company's agents, but we think there is no substantial basis under the stipulated facts for this contention.

■ Is the language of the rider "reasonably susceptible to the construction that the requirement to file proof of disability," before default in the payment of premiums, "only refers to and qualifies only" the agreement of the Company to make the monthly payments? Under well established rules, if the language is ambiguous in this regard, the insured is entitled to the benefit of the doubt. *Life Ins. Co.* v. *Galbraith*, 115 Tenn., 471; *Lane* v. *Grand Fraternity*, 132 Tenn., 233; *Bank of Commerce & Tr. Co.* v. *Life Ins. Co.*, 160 Tenn., 551, 560.

It will be seen that, ''The Association hereby agrees: To waive . . . ; To pay . . . ; provided, The member, or, if he is incapacitated,'' thus covering that contingency, furnishes before default, ''satisfactory proof,'' etc. Apt punctuation is employed consistent with the view that the proviso qualifies both features of the agreement. We have one sentence not intermediately closed by a period marking completion of the thought being expressed, carrying notice that it is incomplete without the qualifying proviso. One must read through the sentence to find its full and expressly qualified meaning.

This construction is obviously supported by reason. It could not be contemplated that the agreement to waive future premiums was being made without qualification of some character. Certainly such a waiver could not be expected to become effective without some notice, proof or demand of some kind, or at some time. The reader of this sentence would not be justified in reason in stopping at the semicolon at the end of the line, ''To waive the future premiums,'' etc., and looking no further to find how the sentence continues, and upon what conditions the assumption by the Company of his premium liability is to become effective.

Now it must be conceded that the Company's obligation to make the monthly payments during disability does not arise until the conditional proofs are supplied; and we can see no sound reason why this same conditional requirement should not relate to the obligation to waive, that is, in effect, to pay for the insured, his future premiums.

In the light of the construction which we have given the language in the policy now before us, holding that

the proviso qualifies both elements of the agreement on the part of the Company, *Walters* v. *Life Ins. Co.,* 159 Tenn., 541, is in point. In that case the Court held that "When the insured files proof of total permanent disability his liability for future premiums ceases and the right to monthly indemnity accrues." It was therein held that the insured was not relieved of payment of the premiums until the notice of disability had been given. *Wolfe* v. *Mutual Life Ins. Co.,* 3 Tenn. App., 199 is to the same effect.

We find nothing in the opinion in *Bank of Commerce & Tr. Co.* v. *Life Ins. Co.,* 160 Tenn., 551, in conflict with this view. In that case the effect of the thirty-day grace period provided for following the due date of the premium was considered and protection was held to be extended over this thirty-day period. It was held that the policy contained no provision for notice to the Insurance Company of disability in order to work a waiver of all future premium payments.

Appellant also makes the question that the requirement of proof of disability before default is not to be enforced where it appears that the insured became incapacitated by his illness to give notice to the Company, or comply with the requirements as to proof of disability. In *Wolfe* v. *Mutual Life Ins. Co., supra,* it was directly held that the assured is not excused by the fact that he was sick when the premium fell due, and authorities directly in point are therein cited.

While *this* Court does not appear to have passed directly upon this particular question, the authorities generally seem to sustain the holding in *Wolfe* v. *Mutual Life Ins. Co., supra.* See *Plieffer* v. *Ins. Co.,* 174 Ark., 73, 54 A. L. R., page 600. In the note in 54 A. L. R., 611;

and also in the note in 15 A. L. R., 318, other authorities will be found.

The learned Chancellor dismissed the bill, and finding no error, his judgment is affirmed.