STATE EX REL. ISAACSON, COMPLAINANT, APPELLANT, *v.* EARL
W. SELL, CLERK, DEFENDANT, APPELLEE.*

(*Knoxville,* September Term, 1932.)

Opinion filed October 22, 1932.

*On presumption in favor of findings, see 2 R. C. L., 203; R. C. L.
Perm. Supp., p. 376; R. C. L. Pocket Part, title "Appeal," Sec. 172.

Moses E. Cantor, for complainant, appellant.

James H. Epps, Sr., for defendant, appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

This mandamus suit was brought to compel the County Clerk to issue to Isaacson a ''Goods Merchant'' privilege license, the bill alleging that he was an indigent ex-service man within the provisions of Section 1253 of the Code of 1932, reading as follows: ''Any indigent ex-confederate or ex-Federal soldier . . . . . . doing a privilege business with a capital not exceeding five hundred dollars shall be exempt from paying the privilege tax, provided he is the sole beneficiary of the business.''

On the filing of the bill the Chancellor entered an order to show cause and the Clerk answered fully denying the allegations of the bill, and especially denying that the relator was an indigent soldier within the contemplation of the act.

A hearing was had before the Chancellor on oral testimony, and the Court denied the application and dismissed the bill, his decree setting out at length the facts

proven, which he held to be wholly insufficient to sustain the bill. Reference is made to this decree for its recitals. Appealing, errors are assigned challenging the action of the Chancellor on the facts, and also insisting that a fair and full trial was denied relator in that, in substance, the Chancellor, after hearing the testimony of the relator very fully, declined to hear other testimony, announcing that on the testimony of the relator himself he was not within the exemption act. It appears that counsel for the relator tendered additional witnesses, four in number, by whom it was proposed to show the value of relator's stock of goods.

In the first place, it is well settled that the issuance of this writ is discretionary, and the burden is on the relator to show here an abuse of this discretion. In the second place, the hearing was on oral testimony (not by written consent under Chap. 119, Acts 1917) and a strong presumption obtains in favor of the finding on the facts by the Chancellor. See *Broch* v. *Broch,* 164 Tenn., 223, and cases cited.

Objection is made here to the form of the assignments as not in compliance with the rules of this Court. Waiving this objection, which has some merit, without detailing the evidence, we find abundant testimony to support the finding of the Chancellor.

The term ''indigent'' is defined as destitute, needy, poor, in want, necessitous. See Webster's Dictionary and Words & Phrases. Of course, these are relative terms. Most men are today within this definition in some sense. But it is obvious that it is an exceptional, rather than a general, situation or condition, which the legislature had in mind.

This relator does a business of thousands of dollars annually in Washington and surrounding coun-

ties. That he makes a comfortable living is apparent, paying $40.00 a month for an apartment for himself and wife, admitting living expenses of $100.00 or more monthly. He deals in bankrupt stocks purchased in Cincinnati, Knoxville and other cities, sometimes in large quantities. He has and uses an automobile, and sometimes a truck. Conceding that the value at any given date of his store stock in Johnson City is not $500, he pays store rent of $40.00 a month, and continually replenishes his stock. It is on such supporting facts as these that the Chancellor reaches his conclusion.

█ Nor do we find error in the refusal of the Chancellor to hear additional witnesses. As indicated above, the testimony offered went only to the value of the store stock. This was in no sense determinative. What was proposed to be shown by them may be, and apparently was, conceded. This becomes a material issue only when the applicant for exemption first shows that he is an "indigent" within the meaning of the act. The trial judge has a large discretion in determining whether he will decline to hear testimony which is, either wholly cumulative, or apparently immaterial. If on the full testimony of the relator himself it was evident that he was not within the exempt class, additional witnesses would appear to be unnecessary and uncalled for.

For the reasons indicated the decree of the Chancellor is affirmed.