[S. F. No. 14865. In Bank.—June 16, 1933.]

VINA SMITH, Respondent, v. CALIFORNIA HIGHWAY
INDEMNITY EXCHANGE (an Association), Appel-
lant.

John Ralph Wilson and Carl E. Day for Appellant.

Daniel A. Ryan, Thomas C. Ryan and George F. Snyder for Respondent.

SHENK, J.—On August 30, 1924, Ray H. Davis was the owner of a Chandler automobile which he operated as a jitney bus in the city and county of San Francisco. In operating the car on that day he injured the plaintiff, whose name was then Vina Nicol. She sued Davis alone and recovered a judgment for damages. On appeal the judgment was affirmed. (*Nicol* v. *Davis*, 107 Cal. App. 26 [290 Pac. 114].) The judgment remained unsatisfied and the plaintiff brought this action against Davis' insurance carrier, the defendant herein. At the close of all the evidence the court instructed the jury to return a verdict for the plaintiff, hence this appeal.

The first question presented is whether the accident was one covered by the insurance policy. Davis was operating his jitney bus on the "29th and Mission" route, which extended from the ferry at the foot of Market Street to Valencia Street, thence to Twenty-ninth and Mission. He resided at 311 Jersey Street, which is about five blocks from Twenty-ninth and Mission Streets. On the afternoon of the accident he had returned to his home for the purpose of taking a rest, in preparation for his night run. He parked his car in front of his home, on a grade. After his rest he entered his car, released the brake and backed down grade to the corner of Noe Street, where he struck the plaintiff. It is contended by the defendant that the streets from Davis' home to Twenty-ninth and Mission Streets were not on the route over which he was authorized to conduct the jitney bus and therefore that the accident was not covered by the policy.

The policy indemnified the subscriber (Davis) against loss on account of damages for personal injuries suffered by any person resulting from the "use or maintenance" of the described automobile "wherever any automobile covered hereby may be in the service of the subscriber". In an indorsement it is provided that the automobile covered "is to be operated in the service of the subscriber as a jitney bus . . . within the city and county limits of the city of San Francisco, and not elsewhere or otherwise, and that this policy is not intended to, and shall not cover any accident that may occur while said car mentioned in the schedule attached hereto is being operated for any other purpose and at any other time or place than herein stated, but it is intended that this policy shall cover said car when used as in this paragraph provided". There is nothing in the policy which defines the route over which the jitney bus is to be operated. The schedule attached thereto specifies the address of the subscriber as 311 Jersey Street, and that the use to which the automobile is to be put is "jitney bus or occasional rent car". It is further provided that the contract does not cover loss arising while the automobile "is being used or maintained for any purpose or business other than as specified in the schedule".

It cannot be doubted that the Chandler automobile was "maintained" by Davis for the purpose and business of a jitney bus at the time of the accident. It was operated at the time "in the service of the subscriber as a jitney bus . . . within the city and county limits of the city of San Francisco", and it may not fairly be said that the car was at the time operated for any other purpose than that of a jitney bus. Necessarily Davis was required to keep the car somewhere and it was kept at his home which was the place specified in his operator's permit where it was to be kept and which was in the vicinity of the Twenty-ninth and Mission terminus of the route. At the time of the accident he was operating, using and maintaining his car with the equipment, plates and badge placed and displayed as required by local regulations. The policy did not specify the particular or any route over which the car should be operated. The limits of the operation thereof were the city and county of San Francisco. We have no hesitancy in concluding that the

accident was included within the terms of the policy considered as an independent document.

■ The policy sued on was obtained by Davis in pursuance of the requirement of an ordinance of the city that before any person could operate a jitney bus he must obtain an operator's permit from the board of police commissioners and should also furnish a policy insuring the owner or operator against loss by reason of damage resulting from the operation of the jitney bus. This ordinance defined a jitney bus as "a self-propelled motor vehicle, other than a street car, traversing the public streets between certain definite points or termini and conveying passengers for a fixed charge . . . between such and intermediate points, and so held out, advertised and announced".

It is insisted by the defendant that the terms of the ordinance are a part of the contract of insurance and that its liability is limited to the operation of a jitney bus as defined in said ordinance and within the particular route assigned to Davis by the police department. It is assumed that the terms of the policy must be consistent with the terms of the ordinance which required its issuance and that the provisions of the ordinance may be considered in connection with the terms of the policy in order to determine the liability of the defendant.

The ordinance provided that "in order to insure the safety of the public, it shall be unlawful for any person to drive or operate such 'jitney bus' " unless he shall have furnished the contract of indemnity against loss to persons or property resulting from the negligent operation of the jitney bus. There is nothing in the ordinance which defines the routes in the city over which jitney busses might operate, and there is nothing in the policy which confines the effectiveness of its provisions within definite limits of operation as was the case in *Interstate Casualty Co.* v. *Martin,* (Tex. Civ. App.) [234 S. W. 710], where the coverage of the policy was confined to the "Montgomery Avenue Route" in the city of Houston, Texas. The only justification for the argument of the defendant is the definition of a jitney bus as contained in the ordinance read in connection with the terms of the policy requiring that the car "be operated in the service of the subscriber as a jitney bus" within the city and county of San Francisco "and not elsewhere or otherwise" and

providing that the policy shall not cover any accident that might occur while the car was "being used for any other purpose and at any other time or place than herein stated". Either the car was being operated "in the service" of Davis as a jitney bus at the time of the accident involved herein or it was not then so operated. Certain it is that the car at the time was not being operated for a purpose apart from the "service of the subscriber" as a jitney bus, as was the case in *Heriter* v. *Central Indemnity Co.,* 109 N. J. L. 313 [162 Atl. 573]; but was within the general and incidental service of Davis' business as a jitney bus operator. It was not then used for any other purpose than in connection with the jitney bus business, and we are not inclined to apply the going and coming rule of certain industrial accident cases to the situation here presented.

There is no merit in the contention of the defendant that the plaintiff is foreclosed from recovery by her failure to give notice to the attorney-in-fact of the defendant as a prerequisite to court action against him. This action is against the Exchange itself and no preliminary notice to it was required by the policy.

The judgment is affirmed.

Langdon, J., Preston, J., Seawell, J., Waste, C. J., Thompson, J., and Curtis, J., concurred.

Rehearing denied.