Mary J. DaCorte *v.* New York Life Insurance Company

(No. 7601)

Submitted October 3, 1933. Decided October 10, 1933.

*James Damron* and *Philip Angel,* for plaintiff in error.
*Fitzpatrick, Brown & Davis,* for defendant in error.

WOODS, JUDGE:

Mary J. DaCorte, formerly wife of John B. Barley, deceased, instituted this action, as beneficiary under an insurance policy taken out by John B. Barley in 1924, to recover the sum of $1,636.40, claimed to be due thereunder, Barley having departed this life in 1930. The trial court, who heard the case in lieu of a jury, found as a matter of law that the policy declared on had been forfeited for non-payment of the semi-annual premium due August 28, 1926, and entered judgment for defendant. Plaintiff brings error.

The policy, in addition to an agreement to pay the face amount upon proof of death of insured and double indemnity in certain cases, provided for stipulated monthly payments during lifetime of insured and waiver of premiums, in case insured should become wholly and presumably permanently disabled before rated-up age 60, subject to certain terms and conditions, the pertinent portions of which provide:

> "Benefits.—Upon receipt at the Company's Home Office, before default in payment of premium, of due proof that the insured is totally and presumably permanently disabled and that such disability occurred after the insurance under this policy took effect and before its anniversary on which the insured's rated-up age at nearest birthday is sixty years, the following benefits will be granted:

> "(a) Income Payments. * * *

> "(b) Waiver of Premiums.—The Company will waive payment of any premium falling due after approval of said proof and during such disability. Any premium due prior to such approval is payable in accordance with the terms of the policy, but if due after receipt of proof will, if paid, be refunded upon approval of proof."

Then follows a paragraph permitting reinstatement within six months upon payment of premium accompanied with all the benefits accruing thereunder.

Is the mere fact that Barley was adjudged insane on August 1, 1926, sufficient, in absence of filing of proof of disability prior to August 28, 1926, to work a waiver of premium under the contract?

Plaintiff takes the position that failure to comply with a condition whether it be one precedent or subsequent because of a supervening impossibility excuses the performance of said condition, where the contract lacks express wording to the contrary. The company, however, asserts that insured's insanity did not excuse timely payment of premiums; and that proof to the defendant of insured's disability was a condition precedent to the waiver of premiums.

The terms of the contract are clear and unambiguous. No provision is incorporated therein excepting receipt of notice in certain instances before default in payment of premiums to make the waiver clause operative. As we view this case, it comes entirely within the principle of construction recently handed down by this court in *Iannarelli, Committee* v. *Kansas City Life Insurance Company,* 114 W. Va. 88, 171 S. E. 748. It was there held: 1. ''Contracts of life insurance, as other contracts, will, in the absence of ambiguity, be construed according to the plain meaning of the terms employed by the parties.'' And 2. ''Under the provisions of a life insurance policy waiving payment of premiums during total disability of insured upon receipt by the insurer of proof of the disability, the receipt of such proof before the policy lapses is a condition precedent to a waiver of premiums, and insanity of the insured at the time of such lapse will not excuse failure to furnish such proof.''

Regardless of the several rules of interpretation invoked by other courts, and relied upon by the plaintiff in error, we are now definitely committed to the doctrine laid down in the *Iannarelli* case, and, therefore, without further comment, affirm the judgment.

*Affirmed.*