PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA *v.* HOBBS.

(*Nashville*, December Term, 1934.)

Opinion filed April 6, 1935.

B. E. Holman, of Fayetteville, and Keeble & Keeble, of Nashville, for plaintiff in error.

W. B. Lamb, Jr., of Fayetteville, for defendant in error.

Mr. Justice DeHaven delivered the opinion of the Court.

This is a suit by Mary White Buchanan Hobbs, administratrix of the estate of David Franklin Hobbs, deceased, her husband, against the Pacific Mutual Life Insurance Company of California to recover the sum of $5,000, being the face value of an insurance policy issued by said insurance company on April 5, 1920, on the life of said deceased, and made payable to the personal representatives or assigns of the insured. It was also sought to recover disability benefits provided for in said policy in the sum of $900.

The premium due on this policy on July 5, 1932, was not paid. At the request of the insured, the company extended the payment of this premium to August 20, 1932. When payment was not made on this latter date, the policy was lapsed in accordance with its terms. At and prior to July 5, 1932, the insured, was mentally unsound, though he was able frequently to attend to some business matters. The Court of Appeals found that he was permanently totally disabled from encephalitis, a brain disease, and partial blindness, from doing the material acts necessary to the prosecution of his business.

The policy contains provisions for waiver of premiums and disability benefits, should the insured become

permanently totally disabled while the policy is in full force, and no premium in default; but such waiver is expressly conditioned on notice of such disability being given the company immediately after the commencement of such disability, and 120 days thereafter due proof thereof be given the company. It is further provided:

"That no claim on account of permanent total disability shall be valid if there is a failure to comply with any of the foregoing provisions."

Permanent total disability resulting directly or indirectly from any form of insanity, or from disease complicated with insanity, is expressly included in the coverage of the policy.

On October 1, 1932, after the policy had been forfeited according to its terms for nonpayment of premium on August 20, 1932, notice was given the company of insured's permanent total disability. The company denied any liability under the policy. Thereafter this suit was instituted.

The trial resulted in a verdict and judgment in favor of plaintiff for the full amount sued for. On appeal by the company to the Court of Appeals that court reversed the judgment of the trial court and dismissed the suit. The case is now before this court on the petition of the administratrix for writ of *certiorari*.

The sole question made by the assignments of error is whether the unsoundness of the mind of the insured is a good and legal excuse for the failure to give the notice made a prerequisite to the waiver of premiums.

In *Hall* v. *Acacia Mut. Life Ass'n*, 164 Tenn., 93, 46 S. W. (2d), 56, this court held that the lapse of an insurance policy for failure to pay the premium is not prevented by the fact that at the time the premium came

due the insured was physically and mentally incapacitated from giving notice to the company or complying with the requirements as to proof of disability, upon which proof the company was obligated to waive future premiums. The contention was made that the requirement of proof of disability before default is not to be enforced where it appears that the insured became incapacitated by total permanent disability to give notice to the company, or comply with the requirements as to proof of disability. The court found against this contention, and cited *Wolfe* v. *Mutual Life Ins. Co.*, 3 Tenn. App., 199, with approval.

Permanent total disability does not alone put into operation the premium waiver clause of the policy. This clause is not rendered operative until the notice required by the policy is given. The provisions of the policy with reference to disability benefits and waiver of premiums are plain and unambiguous. It is when the insured gives the company the required notice of his permanent total disability that his liability for future premiums ceases and the right to monthly indemnity accrues. *Walters* v. *Life Ins. Co.*, 159 Tenn., 541, 20 S. W. (2d), 1038. The policy sued on does not except insanity from the operation of the condition that notice of the disability be given the company while the policy is in force. The court is without right to import into the contract an exception not made, under the guise of construction. Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, in their plain and ordinary sense. *Imperial Fire Ins. Co.* v. *County of Coos*, 151 U. S., 452, 14 S. Ct., 379, 38 L. Ed., 231.

It is not required by any provision of the policy

that notice of disability be personally given by the insured; hence, another could have given the required notice on his behalf. The notice given on October 1, 1932, was given by the insured's wife and attorney.

In *Reynolds* v. *Travelers' Ins. Co.*, 176 Wash., 36, 28 P. (2d), 310, 314, the policy sued on contained the usual clause providing for waiver of premiums upon receipt of due proof. A premium fell due and was not paid. The insured was totally incapacitated by syphilitic paresis. The required notice was not given. The court held that the obligation to give such notice was not excused by the insanity of the insured, and said:

"Now, if insanity does not excuse the failure to pay premiums, then there can be no good reason why it should excuse the failure to furnish proof of disability. It is the proof of disability that excuses the failure to pay the premiums. The very purpose of disability insurance is to provide an income during such disability, not to accumulate a fund for the benefit of a third party beneficiary. Such disability includes insanity and other forms of mental incompetency. Hence, when the insured takes out such insurance, he is called upon to make provision, as he easily may and usually does, for a contingency that may render him unable, personally, to make proof. There are very potent reasons why this should be the rule. If the time for making proof be not confined to the period during which the policy is in force, then the beneficiary may wait until the insured has died and afterwards claim that the disability took place years before. The insurer would thus be put in a position where it would be almost impossible to make an investigation of the true facts of the situation. The practical effect would be that an insurance company would be

compelled to carry every lapsed or forfeited policy as a contingent liability until after the death of the insured. All actuarial computations would thus be upset, and the amount of proper reserves could never be determined. We therefore must hold that the incapacity of the insured furnished no excuse for the failure to make due proof during the time that the policy was kept in force by the payment of premiums."

In *Egan* v. *New York Life Ins. Co.* (C. C. A.), 67 F. (2d), 899, the insured became insane before default in payment of premium, but the policy was lapsed for non-payment of premium subsequent to the commencement of such disability. Notice of disability was not given the company at the time the disability occurred because of the insanity of the insured. The court said:

"It is contended by appellant that, since Egan was insane and unable to personally furnish proof of his disability, that condition of the policy was inoperative and waived. Therefore, she has the right to now make proof of the insured's total disability while the policy was in force. This contention is untenable. The policy is plain and unambiguous. The contract clearly contemplates that, if for any reason the insured is unable to promptly make proof of his disability warranting the suspension of premiums and the payment of the annual installments, some one else in interest must do so for him. This is a condition precedent necessary to be complied with to fix liability under the policy. It is very material to the risk that proof of total disability be furnished promptly and while the policy is kept in force by the payment of premiums. The provisions of the policy so requiring are not to be considered waived or rendered inoperative simply because of misfortune over-

taking the insured. *Bergholm* v. *Peoria Life Ins. Co.*, 284 U. S., 489, 52 S. Ct., 230, 76 L. Ed., 416."

In *Iannarelli* v. *Kansas City Life Ins. Co.* (W. Va.), 171 S. E., 748, 750, the insured was adjudged insane before the second annual premium became due and payable, and while so incapacitated the period of grace expired. The policy provided for waiver of premium upon the receipt of due proof of disability. The court said:

"There is nothing in that clause to excuse the furnishing of proof of disability while the contract is in effect. If an insured becomes insane or disabled so that he cannot himself furnish proof of disability, that duty can be performed by some one for him, but if no one knows about the policy there is presented an unfortunate situation attributable to the lack of precaution or the non-communicativeness of the insured. It is not a contingency insured against by the insurer."

In *Da Corte* v. *New York Life Ins. Co.* (W. Va.), 171 S. E., 248, the doctrine laid down in the above case was reaffirmed. In *Northwestern Mutual Life Ins. Co.* v. *Dean,* 43 Ga. App., 67, 157 S. E., 878, it was held that the fact of insured's insanity did not excuse him from giving the notice of disability required by the policy as a condition to waiver of premiums. In *New England Mutual Life Ins. Co.* v. *Reynolds,* 217 Ala., 307, 116 So., 151, 59 A. L. R., 1075, incapacity from insanity was held not to excuse the giving of the notice required by the policy of such disability as a condition precedent to waiver of premiums. To the same effect is *New York Life Ins. Co.* v. *Alexander,* 122 Miss., 813, 85 So., 93, 15 A. L. R., 314, and *Hanson* v. *Northwestern Mutual Life Ins. Co.,* 229 Ill. App., 15. Other authorities may be found

to like effect. There are cases apparently holding to the contrary, but we believe the better doctrine is that adopted by this court in *Hall* v. *Acacia Mut. Life Ass'n,* 164 Tenn., 93, 464 S. W. (2d), 56, and in the cases noted above.

*Certiorari* denied.