BUTLER et al. v. EUREKA SECURITY FIRE & MARINE INS. CO. et al.—105 S. W. (2d) 523

Eastern Section. March 10, 1937.

Petition for Certiorari denied by Supreme Court, May 22, 1937.

98

Whitaker & Whitaker, of Chattanooga, for appellants.
S. H. Ford, of Chattanooga, for appellee.

PORTRUM, J. The bill demanded a jury to try the issues, but the jury was waived, and prior to the hearing a written agreement was entered into between the parties and filed in the cause agreeing to the hearing upon oral testimony, and this agreement made unnecessary the filing of a motion for a new trial for, under the statute (Code, sec. 9036), the case was heard de novo in this court. Code, sec. 10563; Wright v. Dorman, 155 Tenn., 189, 291 S. W., 1064; Fonville v. Gregory, 162 Tenn., 294, 36 S. W. (2d) 900. But in such cases there is a strong presumption in favor of the appellees that the chancellor's findings of facts were correct. Broch v. Broch, 164 Tenn., 219, 47 S. W. (2d), 84; State ex rel. v. Sell, 165 Tenn., 132, 53 S. W. (2d), 375. Otherwise the practice is the same in the appellate court as in the ordinary chancery suits. The court tries the case de novo and is not bound to notice only the issues of law

and fact raised by the appellant's assignments of error, for if the chancellor's decree is correct it will not be disturbed even if the chancellor's conclusion upon which it was based is erroneous. Gibson's Suits in Chancery, sec. 1303, and notes. The appellee is satisfied with the decree of the lower court, having obtained all the relief prayed, and it is not necessary for him to assign error to obtain the advantage of the above stated rule of practice.

The automobile liability insurance policy here sued upon is what is known as a third party-beneficiary contract and the party for whose benefit it was made (a school child) is suing by her father as next friend, and in his own right, for the benefit contracted. This specie of contract is now well developed and recognized by the courts of this country, and the right of the beneficiary to sue is in force. Ohio Casualty Insurance Co. v. Beckwith (C. C. A. 5th, 1935), 74 F. (2d), 75; Michigan Law Review, June, 1936.

The liability insurance policy issued by the defendant for the period of one year took effect on September 7, 1932, and the Hamilton county board of education and/or the county judge of Hamilton county and/or A. L. Rankin, superintendent of schools in Hamilton county who may be designated as the second part, and/or individual bus owners as named in the schedule attached hereto, may be designated as third parties for convenience, and the aforesaid official classification and the individual classification designated in the policy as names of assured. To this policy is attached a rider setting out the names of the officials, and also the bus drivers employed by the board of education for the transportation of school children in the county. This schedule is headed "Bus Owners," giving thereunder four names and the names of their automobiles opposite the names, with the bus numbers and the owners' post office addresses. The limit of liability for bodily injuries or death is the sum of $5,000 for one person. Said rider further provides if the injured person if covered by the policy will voluntarily release any and all claims in excess of the limits named in the policy and specify that no advantages will be taken of either the corporation (Hamilton county) or the school board, etc., that the county agrees not to plead its immunity from suit but to allow a judgment to go down against it not to exceed the limits of liability named in the policy.

The pertinent facts of the accident out of which the cause of action arose are briefly stated as follows: On May 12, 1933, Maud Butler, a minor school child twelve years of age, was being transported in a school bus along with other children and teachers from the school building to their homes; the bus was crowded, and Maud Butler stood up near the door, and in the operation of the bus, the door being defective, and for this reason not secure, it was jolted open, and Maud Butler was thrown out and sustained serious in-

juries. Suit was instituted in the circuit court by Maud Butler through her father as next friend suing in her behalf and in his behalf for the loss of services and hospital expenses against Hamilton county and A. E. Rogers, the owner and operator of the bus in question. She obtained a judgment against the county and Rogers jointly for the sum of $3,500, and her father a judgment in the sum of $1,000; the case being tried before the court without the intervention of a jury. An appeal was prosecuted to the Court of Appeals, where the judgment was affirmed, and by certiorari removed to the Supreme Court. The Supreme Court affirmed the judgment as to A. E. Rogers, but modified the judgment against the county as follows: "That the judgments rendered against Hamilton County in favor of said Maud Butler and Berry Butler shall be satisfied only out of such recovery as the said county may obtain or as may be obtained in its name on a certain policy of liability insurance heretofore issued to the said county and held by it at the time the said Maud Butler sustained the injuries . . ." Rogers v. Butler, 170 Tenn., 125, 92 S. W. (2d), 414. The insurance company declined to pay this judgment and the complainant filed her bill in equity by next friend seeking a recovery upon the policy as the third party-beneficiary. The defendant answered the bill relying upon two defenses, one of which has been abandoned, leaving as the sole defense the want of notice on the part of the assured of the accident within the time designated by the policy.

As stated, the accident occurred on the 12th day of May, which was the last day of school, and the driver reported this accident to the principal of the school the child was attending. This principal failed to report the accident to the school board or to the county judge, and the county officials, who were jointly insured with the owner of the bus, had no notice of the accident until suit was instituted on June 13, 1933, when notice was given by telephone to the local agent, who was authorized under the policy to receive the notice, and blanks were furnished and formal proof of accident was filed on the 29th day of June, 1933, making a period of forty-six days from the date of the accident to the date of filing proof.

Upon receipt of notice the company sent its investigating attorney to the neighborhood of the accident and he interviewed some of the witnesses. The company claims the delay prejudiced its rights, because of its inability to locate all of the witnesses and the memory of the witnesses located was not as fresh as it would have been had they been located earlier. This was not an accident where the physical facts played an important part, the door of the bus was in the same condition even at the date of the trial, and its condition was as readily determinable then as it would have been had the company had notice the day of the accident. The records show that the witnesses were

school children and teachers, and there was a record on file from which the name of each was determinable, so if the investigating attorney did not discover the witnesses it was because of his lack of diligence. The bus driver personally knew the witnesses and he was willing and did cooperate with the insurance company. The hazy memory of the witnesses caused by the delay of forty-six days is a weak excuse. A witness who sees a bus door jar open and a child fall out is not likely to forget in this length of time, and the company was not fearful of its witnesses forgetting; it did not push for an immediate trial, and for many months it caviled over a right to defend, to the detriment of the county, under a reservation of right.

The policy contains these provisions in reference to notice:

"Upon the occurrence of any accident, the filing of any claim, or the bringing of any suit, covered by Part 1 of this policy, the insured shall give immediate written notice to the company, at its home office, Cincinnati, Ohio, or its duly authorized representative, specifying in full the details of said accident, the nature of said claim, or suit, and in each instance, shall immediately forward all information obtainable at the time, together with any document, summons, process, or other papers delivered to or served upon the said insurer. . . ."

(The court does not think it necessary here to give this provision a grammatical construction to say whether three notices are required, or one will suffice.)

There is an additional provision in reference to notice, reading:

"Failure to give notice, as required in this section of the policy, shall not invalidate any claim made under this policy, if it shall be shown not to have been reasonably possible to give such notice as required herein, and that notice was given as soon as was reasonably possible."

The county entered into this contract with the express purpose of protecting the school children, and others classified in the policy, but especially the school children; bids were open and different insurance companies bid upon the business knowing the purpose, which was effectuated by riders attached to the policy. And the bus owners were allowed to come in and be parties to the contract to protect themselves against judgments arising out of any accidents, and for this protection they paid one-half of the premium.

The court thinks both the county and the bus owners had a vested interest in the contract, independent of the other's claim, and the neglect of the bus owner to comply with the terms of his contract would not affect the contract of the county.

The provision of the contract for "immediate written notice" is a relative term and has repeatedly been construed to be reasonable notice. Automobiles, Am. Jurisprudence, vol. 5, sec. 549;

Annotations, 76 A. L. R., 53. The county officials obtained notice of this accident after the suit was filed and notice was given by phone first and later by written proof. It is not insisted that the county delayed after the receipt of this notice, but the claim is made that notice to the principal of the school the child attended was notice to the county. Nothing appears in the record which indicates that the contract of the teacher with the school board casts the duty upon him to give notice of accident occurring with busses driven by an owner under the contract with the school board. The status of a school teacher in relation to the school board is not that of master and servant, and notice to him is not notice to the county or the school board; it not appearing to be his duty to give the notice.

Notice to the bus owner was not notice to the county or the school board, the relationship between these are not shown to be that of master and servant, but from the provisions of the policy and the fact that he had a contract created the presumption that he bore the relationship of an independent contractor.

■ This policy contains no forfeiture clause, and in construing conditions when the liability has become fixed by law a liberal construction has been adopted by the courts of this state.

"When liability has become fixed by loss [law] within range of responsibility assumed in insurance contract, courts are reluctant to deprive assured of benefit of liability by any narrow or technical construction of conditions and stipulations prescribing formal requisite for making accrued right available." Smithart v. John Hancock Mutual Life Insurance Co., 167 Tenn., 513, 71 S. W. (2d), 1059; Continental Fire Insurance Co. v. Whitaker & Dillard, 112 Tenn., 151, 166, 79 S. W., 119, 64 L. R. A., 451, 105 Am. St. Rep., 916. But where the claim is matured by the giving of the notice, then a more strict construction is given to the provision. Pacific Mutual Life Insurance Co. v. Hobbs, 168 Tenn., 690, 80 S. W. (2d), 662.

■■ In construing what is a reasonable time, it has been held that trivial accidents excuse the notice notwithstanding serious results follow the accident until the owner is aware of the seriousness of the injury. Automobiles, Am. Jurisprudence, vol. 5, sec. 548, Trivial accidents stand upon the same footing as lack of knowledge of accidents on the part of the owner and the period when the owner did not know of the accident should not be calculated against him in ascertaining a period which is a reasonable time. The court concurs in the holding of the chancellor that the county gave notice within a reasonable time after its responsible officials learned of the accident.

The court further holds under the second provisions of the contract above quoted that it is "shown not to have been reasonably possible to give such notice as required herein, and that notice was given as soon as was reasonably possible" on the part of the county.

■ ■ The court is further of the opinion that under the facts of this case no notice was required for the third party-beneficiary to maintain this action. When a contract is made for the benefit of another person that person can give the notice required by the contract, and the proof clearly establishes that the third party-beneficiary attempted to give the notice as soon as it was possible, but the identity of the insurer was withheld from him and his counsel. The attorney went so far as to make another insurance company a party to the suit, but it not having issued the policy the attorney was compelled to dismiss it.

". . . As regards the right against the insurer of an injured person under a statutory or policy provision giving to him the right of action upon the policy, the then giving of notice of the accident sufficiently complies with the condition in the policy requiring the assured to give notice of the accident." Automobiles, Am. Jurisprudence, vol. 5, sec. 550.

"Where the insured fails to give notice of an accident, as required by the policy, the question sometimes comes up whether notice given by anyone else suffices to save rights arising under the policy. Under this question the rule has been laid down, analogous to the rule prevailing in fire and life insurance cases, that a compliance by a beneficiary of the policy covering liability for automobile accidents, and the real party in interest, with the condition of the policy as to prompt notice and information, will enable him to maintain an action on the policy, notwithstanding the failure of the insured to act." Blashfield, Encyclopedia of Automobile Law and Practice (Permanent Ed.), sec. 4033.

If the policy provides, as this one does, that the insured is excused from giving notice if it be reasonably impossible to do so, then the beneficiary would likewise be excused, and to withhold the name of the insurer from the beneficiary renders it reasonable impossible for him to give the notice.

The beneficiary here was excused under the terms of the policy from giving notice where it was reasonably impossible, and it becomes unnecessary to determine that minor school children under like policies are required to give any notice to maintain their suits.

"However, while persons other than the insured are permitted under some statutes and policies to give the requisite notice with substantial like effect as if it were given by the insured, so that the person injured may give it, such a person is not ordinarily under an obligation to give notice, and, absence in the provision in the policy requiring it, is not cut off from recovery by failure to do so." Blashfield, Encyclopedia of Automobile Law and Practice (Permanent Ed.), sec. 4033; Smith v. California Highway Indemnity Exchange, 218 Cal., 325, 23 P. (2d), 274.

"Where a policy is for the benefit of a third person who suffers loss, damage, or injury, as described in the policy, the failure of insured to give the notice of accident and of the pendency of an action against the insured by the injured person as provided for by the policy does not prevent such injured person from bringing an action on the policy." Liability Insurance, 36 C. J., sec. 76, p. 1101; Gillard v. Manufacturers' Insurance Co., 93 N. J. Law, 215, 107 A., 446.

There is no error in the decree of the lower court, and it is affirmed; decree will be entered here against the appellant and the sureties on its appeal bond for the judgment, interest, and cost, together with the cost of the appeal.

Ailor and McAmis, JJ., concur.