JONES *v.* EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

*(Nashville,* December Term, 1940).

Opinion filed June 14, 1941.

On Rehearing June 28, 1941.

F. M. HENDERSON and LARRY B. CRESON, both of Memphis, for complainant.

BURCH, MINOR & McKAY and LUCIUS E. BURCH, JR., all of Memphis, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought to collect certain disability benefits provided in an insurance policy for total and

permanent disability prior to the age of 60. There was a decree for the complainant below, which, however, was not entirely satisfactory to him. Complainant has accordingly filed the record for writ of error and the defendant has appealed.

The complainant was a physician in Memphis. He became 60 years old on October 22, 1937. On October 21, 1937, he gave notice of disability to the defendant. It seems that he had developed tuberculosis. His contention is that he became permanently and totally disabled prior to his sixtieth birthday. The nearest anniversary date of the policy was December 6, 1937.

The defendant insists that no proof of permanent disability accruing prior to the complainant's sixtieth birthday was submitted to it. Defendant concedes that the complainant's disability is now total and permanent and offers to pay benefits provided for such disability accruing after the age of 60. It denies, however, liability for benefits accruing prior to the age of 60.

The determination of the question presented requires a consideration of certain provisions of the contract or policy of insurance issued by the defendant to the complainant herein. The relevant provisions of that instrument are as follows:

"And further, if the Insured becomes wholly and permanently disabled before age 60, the Society will waive subsequent premiums and pay to the Insured a Disability-Annuity of Twenty-five and 00/100 ($25.00) a month, subject to the terms and conditions contained on the third page hereof."

The terms and conditions on page 3 of the policy are these:

"Total and Permanent Disability.

"(1) Disability benefits before age 60 shall be effec-

tive upon receipt of due proof, before default in the payment of premium, that the Insured became totally and permanently disabled by bodily injury or disease after this policy became effective and before its anniversary upon which the Insured's age at nearest birthday is 60 years, in which event the Society will grant the following benefits:

"(a) Waive payment of all premiums payable upon this policy falling due after the receipt of such proof and during the continuance of such total and permanent Disability; and

"(b) Pay to the Insured a monthly Disability-Annuity as stated on the face hereof; the first payment to be payable upon receipt of due proof of such Disability and subsequent payments monthly thereafter during the continuance of such total and permanent Disability, provided that if this policy is continued under the Endowment conversion option, the Disability-Annuity payments shall continue only during such total and permanent Disability until the maturity of the Endowment.

"(Note: Any Premiums so waived and any Disability-Annuity so paid shall not be deducted from any amount payable in any settlement of this policy.)

"Disability shall be deemed to be total when it is of such an extent that the Insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and, such total Disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months; and, further, the entire and irrecoverable loss of sight of both eyes, or the severance of both hands at or above the wrists, or of both feet at or above the ankles, or of one entire hand and one entire foot, will of themselves be

648

considered as total and permanent Disability within the meaning of this provision.''

We think that a proper construction of the provisions of the policy requires us to sustain the position of the defendant.

By the first paragraph above the defendant agrees to pay the controverted benefit of $25 a month ''subject to the terms and conditions'' which we have set out.

Among the first of these conditions is ''Disability benefits before age 60 shall be effective upon receipt of due proof . . . that the Insured became totally and permanently disabled before its (the policy's) anniversary upon which the Insured's age at nearest birthday is 60 years.''

■■ Under previous decisions of this court such a policy stipulation is valid and is enforced. That is, liability for the benefits does not arise until the receipt of due proof within the specified time. In *Hall* v. *Acacia Mutual Life Association,* 164 Tenn., 93, 46 S. W. (2d), 56, where an insurance company agreed in the event of insured's total disability to waive future premiums and pay monthly benefits, provided the insured or his representative, before default in the payment of premium, furnished satisfactory proof of his disability, it was held failure to furnish such proof under the conditions specified relieved the company of the waiver obligation and of liability. Considering a similar provision in *Pacific Mutual Life Ins. Co.* v. *Hobbs,* 168 Tenn., 690, 80 S. W. (2d), 662, it was held that immediate notice of disability and due proof within a stipulated time was a condition precedent to liability. So in the case before us the obligation to pay disability benefits did not take effect without due proof of total and permanent disability before the age of 60 seasonably made.

No proof of total permanent disability prior to attaining the age of 60 was attempted by the complainant. He did furnish the defendant with certificates from two examining physicians that he had contracted tuberculosis, before his sixtieth birthday. In filling out the disability claim forms one of these physicians in answer to the question "How soon, in your opinion, will he be able to resume any business? Approximate date," replied "Don't know." The other physician replied "Impossible to say." There was accordingly no proof of total permanent disability preceding complainant's sixtieth birthday offered to the defendant.

██ It will be observed that by one provision of the policy above quoted "total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months." We think that counsel for the complainant properly called this an evidentiary provision and we agree with counsel that total permanent disability may be shown otherwise than by reliance on this presumption. The policy provides that certain physical mutilations shall be considered as total and permanent disability. And we think that a stroke of paralysis or other wholly disabling disease or affliction, which medical testimony showed to be wholly and permanently disabling, would entitle the insured to the benefits in question, whether it had persisted three months or not, if due proof was seasonably furnished the insurer. But when the insured relies on a presumption to establish the permanency of his disability, the facts must be such as to justify the presumption. In other words, if the insured relies on the three months' presumption to show permanent disability before the anniversary of the policy nearest his sixtieth birthday, he

must show that his disability continued for that length of time before said anniversary.

The language of the policy considered in *Smithart* v. *Mutual Life Ins. Co.,* 167 Tenn., 513, 71 S. W. (2d), 1059, is not like that of the policy before us. Furthermore, there was no question in the former case but that the insured had become totally and permanently disabled.

We have considered authorities from other jurisdictions cited by counsel for both parties but do not think it necessary to review them. For the most part these decisions are in accord with what we have herein said. Decisions of this court and a fair construction of the language of the policy force us to the conclusion indicated.

The decree of the chancellor must be reversed and the bill dismissed.

### On Petition to Rehear.

The petition to rehear seems to be based on a pardonable misunderstanding of the court's ruling. We did not hold that proof of total permanent disability must be made prior to the insured's sixtieth birthday, or the anniversary of the policy nearest that birthday. This question arose in the case but it was not necessary to decide it. Our holding was that there must be proof furnished the insurer that the insured became totally and permanently disabled before he reached the age of 60, or the anniversary of the policy nearest that birthday. We referred to *Hall* v. *Acacia Mutual Life Association,* 164 Tenn., 93, 46 S. W. (2d), 56, and *Pacific Mutual Life Ins. Co.* v. *Hobbs,* 168 Tenn., 690, 80 S. W. (2d) 662, as authority for the proposition that due proof was essential.

As pointed out in the opinion, the statements of

the physicians furnished to the defendant company did not represent the insured's disability as permanent. Both doctors stated that it was not possible to say when the insured would be able to resume his work. The stipulation of facts set out that the insured contracted tuberculosis and on October 21, 1937 (before his sixtieth birthday), "became wholly and totally disabled and prevented thereby from engaging in any occupation, etc., etc." There was nothing in the stipulation to show that insured's disability was permanent prior to his sixtieth birthday.

Really it is not necessary to look to the conditions of the policy to justify the result reached by the court. The primary obligation of the policy is to pay disability benefits upon due proof that before reaching the age of 60 "the insured became totally and permanently disabled by bodily injury or disease." There is no such proof in this record.