SPEARS, APPELLANT, *v.* RITCHEY ET AL., APPELLEES.

(No. 4743—Decided March 12, 1958.)

*Mr. Harry F. Clarke* and *Mr. D. W. Alexander,* for appellant.

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress,* for appellee The Century Indemnity Company.

HUNSICKER, P. J.   This is an appeal on questions of law from a judgment entered by the court after trial, a jury having been waived by the parties.

On June 30, 1951, James Spears, the appellant, was injured while riding as a passenger in an automobile owned by one James C. McMoore.   The McMoore vehicle collided with a car bearing a Nevada license, driven by William M. Ritchey.

On March 20, 1952, James Spears brought an action against Ritchey to recover damages for the injuries suffered.   Service of summons was made on Ritchey through the Secretary of State of Ohio, under favor of Sections 6308-1 and 6308-2, Ohio General Code, now Section 2703.20, Revised Code; and a copy of the summons was sent by registered letter to Ritchey, first addressed to him at Reno, Nevada, and later to Ritchey at Las Vegas, Nevada.   Ritchey, at this time, was in the Oregon State Penitentiary at Salem, Oregon, having entered that institution on August 13, 1951.

James Spears obtained a default judgment against Ritchey,

and when, after a lapse of the required period, such judgment was not satisfied, Spears sued The Century Indemnity Company and The Standard Insurance Company of New York, claiming that such companies had insured Ritchey by policies of liability insurance covering the occurrence by which Spears suffered personal injuries. It afterwards developed that only Century carried the liability insurance.

Prior to any action being filed by Spears, his attorney, on September 22, 1951, notified both insurance companies, by letter, that he represented James Spears; and that their assured, Ritchey, was involved in an automobile collision which caused personal injuries to James Spears.

The Century Indemnity Company, the only company that carried the liability coverage herein, by letter dated September 28, 1951, employed an independent insurance adjuster in Akron, Ohio, to investigate and report concerning the occurrence set out in the letter from counsel for James Spears. The adjuster made his investigation and report after contacting counsel for Spears, who gave to the adjuster full co-operation in the matter.

At the trial of the matter against The Century Indemnity Company, a judgment was entered against Spears and in favor of the indemnity company, and from that judgment an appeal has been perfected to this court.

The appellant, Spears, says the trial court erred: in that the judgment was against the manifest weight of the evidence; in that the judgment was contrary to law; in finding that notice of the accident had not been given to the defendant (appellee) The Century Indemnity Company. The appellant says there were other errors appearing in the record, but these claims were not specified in the assignments of error.

The question to which we first direct our attention concerns the effect of the notice given by counsel for James Spears to The Century Indemnity Company.

It is conceded herein that Ritchey never notified his insurer that there was a collision of his motor vehicle with the one in which Spears was riding.

The insurance contract which Ritchey entered into with The Century Indemnity Company contained, among many provisions, the following ''Condition:''

"1. Notice of Accident—Coverages A, B and C. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

Was it therefore necessary for Ritchey personally, or for someone acting in his behalf, to notify the insurer; or is notice by a third party to the contract sufficient compliance with this provision of the policy?

It has been the established rule in this state that contracts of insurance should be construed so as to give effect to the intention as expressed by the language of the parties. *West* v. *Citizens' Ins. Co.*, 27 Ohio St., 1, 22 Am. Rep., 294; *Travelers' Ins. Co.* v. *Myers & Co.*, 62 Ohio St., 529, 57 N. E., 458, 49 L. R. A., 760.

A court cannot extend or enlarge the contract by implication, so as to embrace an object distinct from that originally contemplated. *Fidelity & Casualty Co. of New York* v. *Hartzell Bros. Co.*, 109 Ohio St., 566, at p. 569, 143 N. E., 137.

In the case of *Luntz et al., Exrs.*, v. *Stern*, 135 Ohio St., 225, at p. 230, 20 N. E. (2d), 241, the court said:

'* * * The indemnity policy is a contract in which there are mutual undertakings and obligations by the insurance company and the assured. The principle is well settled in cases of this character that the injured person is subrogated to the rights of the assured. He has no greater right than the assured and cannot recover from the insurance company if the assured, by reason of any breach of the conditions of the policy, could not recover."

This is, and has been, the law of this and many other jurisdictions for many years.

Our question in this case, however, raises the problem of how far an injured person may go in complying with the conditions of the indemnity policy, with respect to notice to the insurer. We do not have here a question of lack of co-operation, for none was requested of the assured. The Century Indemnity

Company chose to refuse any recognition of the action against Ritchey by relying on the provision regarding notice. It must be stressed, however, that it did have notice within a reasonable time after the accident, and that it did employ an investigator to search out the facts of the occurrence and keep it informed of the proceedings against Ritchey.

We do not discuss herein the question of lack of co-operation. The Century Indemnity Company learned that its assured was in the Oregon State Penitentiary. It could have requested his co-operation, but did not do so. In such a situation, the rule announced in *Ermakora* v. *Daillakis,* 90 Ohio App., 453, 107 N. E. (2d), 392, is dispositive of that issue herein. That rule is stated as follows:

"3. Where an automobile liability insurance policy provides that 'the insured shall co-operate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses,' and the insurance company, in a supplemental proceeding by a judgment creditor under Sections 9510-3 and 9510-4, General Code, in its answer raises the affirmative defense of lack of co-operation, such lack of co-operation is not established by mere absence of the insured from the trial, there being no evidence offered that the insured was ever requested to co-operate or that he refused to co-operate when requested."

In this case, we are faced with cases wherein the Supreme Court of Ohio has made seemingly contrary, confusing and opposing statements on the subject before us. We refer specifically to the case of *Stacey* v. *Fidelity & Casualty Co. of New York,* 114 Ohio St., 633, 151 N. E., 718, and the case of *Hartford Accident & Indemnity Co.* v. *Randall,* 125 Ohio St., 581, 183 N. E., 433, where the court said, in the latter case, at pages 585 and 586:

"* * * It must be held that by virtue of Section 9510-4, General Code, an injured person has a potential interest and a substantial right in the policy from the very moment of his injury, and, although it does not develop into a vested right until a judgment is secured, his rights are such, even before judgment, as to entitle him to comply with the terms and conditions of the

policy, and thus make them effective in his behalf in the event the insured fails to discharge his duty under the policy."

In the *Luntz* v. *Stern case, supra,* the court also reiterated the theory that "the injured person is subrogated to the rights of the assured."

The fourth paragraph of the syllabus of the *Hartford Accident & Indemnity Co.* v. *Randall case, supra,* which reads as follows—"4. A person injured by the assured in such manner as to entitle the assured to indemnity under the policy, has such potential beneficial interest in the policy, by the provisions of Section 9510-4, General Code, as to warrant such injured person to comply with the terms and conditions of the policy agreed to be performed by the assured, even though such performance be without the knowledge or concurrence of the assured, and a waiver to such injured party is equivalent to a waiver to the assured."—has been commented upon by the courts of this state in the following cases: *In re Estate of Basmajian,* 142 Ohio St., 483, at p. 492, 52 N. E. (2d), 985; *Medical Protective Co.* v. *Light, Admx.,* 48 Ohio App., 508, at pp. 514, 515, 516, 194 N. E., 446; *Gergely* v. *Pioneer Mutual Casualty Co.,* 48 Ohio Law Abs., 376, at p. 382, 74 N. E. (2d), 432; *Ermakora* v. *Daillakis,* 90 Ohio App., 453, at p. 468, 107 N. E. (2d), 392; *Alms & Doepke Co.* v. *Johnson,* 98 Ohio App., 78, at p. 87, 128 N. E. (2d), 250.

The tenor of those cases, in commenting on the rule of the *Hartford Accident & Indemnity Co.* v. *Randall case,* is that the terms of the policy with respect to notice of an accident may be performed either by the insured or the injured person.

The general rule, with regard to the giving of notice by a third party to the contract of indemnity, is that the notice of an accident or a claim need not be given by the insured himself, but may, under certain circumstances, be attended to by other persons, among them the injured party.

See: *Morris* v. *Bender,* 317 Pa., 533, 177 A., 776; *Simmon* v. *Iowa Mutual Casualty Co.,* 3 Ill. (2d), 318, 121 N. E. (2d), 509; *Bachman* v. *Independence Indemnity Co.,* 112 Cal. App., 465, 297 P., 110; *Butler* v. *Eureka Security Fire & Marine Ins. Co.,* 21 Tenn. App., 97, 105 S. W. (2d), 523; *Slavens* v. *Standard Acc. Ins. Co. of Detroit* (Montana), 27 Fed. (2d), 859. Annotations on this subject in 76 A. L. R., 37; 123 A. L. R., 953, and 18 A. L. R. (2d), 458, and authorities there cited.

The Supreme Court of the United States, in interpreting the case of *Hartford Accident & Indemnity Co.* v. *Randall, supra,* concluded that the injured party could perform the conditions of the policy issued to the insured regarding notice of the accident. *Maryland Casualty Co.* v. *Pacific Coal & Oil Co.,* 312 U. S., 270, 85 L. Ed., 826.

In view of the authorities above set out, we determine that, when a statute permits a judgment creditor of the assured to sue the insurer when the assured has not paid the judgment, the injured party has such an interest in this asset of the assured that he may fulfill the assured's obligation by complying with the terms of the policy requiring him to make a report of the accident to the insurer.

The judgment entered in this case found the issues joined in behalf of The Century Indemnity Company. One of the issues, raised by the answer of the indemnity company, concerned the validity of the judgment Spears obtained against Ritchey. The allegation of the answer specifically questioned the service of summons upon Ritchey, and hence the jurisdiction of the court to award any judgment against Ritchey. See: *Conner* v. *Miller,* 154 Ohio St., 313, 96 N. E. (2d), 13.

The evidence and record herein show that Ritchey gave to the driver of the car in which Spears was riding, and to the police officer who came upon the scene of the occurrence, an address in Reno, Nevada, which at that time was the residence of Ritchey and his wife. Service of summons on the Secretary of State of Ohio, under favor of Sections 6308-1 and 6308-2, General Code, now Section 2703.20, Revised Code, resulted in the letter with the copy of the summons addressed to Ritchey at Reno, Nevada, being returned marked "unknown."

Thereafter, counsel for Spears wrote to the Bureau of Motor Vehicles at Carson City, Nevada, inquiring whether an automobile with a given Nevada license was registered in the name of William Ritchey at the Reno, Nevada, address. The letter in reply gave the address of that automobile and license number as being at a certain street in Las Vegas, Nevada. An alias summons to the Secretary of State of Ohio was then issued, and a copy sent to William Ritchey at the Las Vegas address. This letter was returned, although there were no indications as to the reason for the return to the sender.

Thereafter, counsel for Spears proceeded to present his matter to the trial court, and obtained a judgment against Ritchey.

At the trial of the instant case, it was shown that on August 13, 1951, six weeks and two days after the accident involving Spears, Ritchey entered the Oregon State Penitentiary at Salem, Oregon, as a prisoner, and remained there until some time after April 15, 1954.

Ritchey, by way of depositions taken on April 15, 1954, testified that he had lived at the address in Reno, Nevada, to which the letter with the copy of the summons was first sent, from 1945 to the time he went to the penitentiary. It was the home where his wife lived until her death in August of 1953. He also stated that he considered it his home. He testified that, for a few months at or about the time of the occurrence herein, he lived in a motel at Las Vegas, Nevada. He further stated he did not give a forwarding address to the postal authorities, and indicated that the Reno address was the only address he had at the time of the accident involving Spears.

Depositions of the warden and of the correctional captain of the Oregon State Penitentiary were taken and read into the evidence. These men stated that: Ritchey was an inmate of the institution, having entered it on August 13, 1951; his wife resided in Reno at the address where the letter with the copy of the summons was first sent; Ritchey said he lived in Reno, and that he received mail at the address of the prison.

We wish to reiterate that the judgment entry herein is a general judgment on all of the issues joined in favor of The Century Indemnity Company, although in his opinion the trial judge said he thought there was some doubt about the service but that it might be good. We, however, do not review opinions, but judgments. The journal entry of judgment herein made no distinction or special finding as to the basis of the conclusions reached by the trial court.

The facts as developed herein are in conflict as to the nature and extent of the diligence used to ascertain the "last known address" of Ritchey. We cannot say that the judgment in this matter, so far as the validity of the original judgment is concerned, is against the manifest weight of the evidence.

The situation in this case compels us to determine that the judgment must be affirmed, though we find that an injured party may, under proper circumstances, notify the insurer of an accident involving its insured even though the insured fails to comply with the terms of his contract in that respect.

*Judgment affirmed.*

DOYLE and STEVENS, JJ., concur.