KUHN'S OF BROWNSVILLE, INC. *v.* BITUMINOUS CAS. CO.

(*Nashville,* December Term, 1953.)

Opinion filed July 23, 1954.

DENNEY, LEFTWICH & GLASGOW, of Nashville, for complainant.

NORVELL & MINICK, of Nashville, for defendant.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a suit on an insurance policy brought by complainant Kuhn's against Bituminous Casualty Company. The cause was tried on bill and answer and stipulation of facts, after which the lower court held the Insurance Company liable on the policy.

It appears that the policy had a limited coverage on two store buildings in the business section of Brownsville, Tenn., and Kuhn's for the purpose of operating a retail store therein, undertook to remodel the premises and really to make one store out of two buildings, and in doing so did some excavation work under the buildings. Following this excavation, or the removal of the wall between the two buildings, the two buildings leased by the complainant, together with the building adjoining the premises on the east, collapsed, and the buildings and all the contents became a total loss. On May 29, 1952, the building immediately west of the premises also collapsed and that building together with its contents became a total loss. The excavation work that was carried on by the complainant prior to May 27, 1952, was the proximate

cause of the collapse of the buildings on May 27th and the collapse of the building on the west side on May 29th. No excavation took place between May 27th and May 29th. The owners of the property on the east and west of this building filed their claims against the Kuhn's Corporation for damages on account of the collapses. The complainant notified the Insurance Company of these claims and liability was denied.

It is admitted by the Insurance Company that complainant was obligated to pay the owners of the personal property destroyed by the collapse of the buildings on May 27, 1952, in the sum of $14,800, and was expected to pay the owners of the personal property destroyed by the collapse of the building on May 29, 1952, the sum of $28,900.

The Insurance Company in denying liability claimed that the damages sustained by the complainant were not covered by the policy.

There are two questions presented. First, is whether the policy in question makes the defendant liable for monies paid out by complainant because of destruction of personal property located in the adjoining buildings. If so, then the second question is whether the damages to the personal property claimed by the complainant resulted from one accident or from two.

The policy provides that the maximum liability of the company for property damages is $10,000 for one accident, and is $25,000 as an aggregate liability. It appears that the company agreed to pay the insured all sums that the insured would be obligated to pay the third parties for property damage by reason of the ownership and use of the premises described by the policy. This obligation of the Insurance Company is qualified by certain Exclu-

sions set out in the policy. The defendant would be liable for the destruction of the property unless one or more of the Exclusions exempt the defendant from liability.

The portions of the policy which are applicable here provide:

"The Company agrees with the Insured * * * subject to the limits of liability, exclusions, conditions and other terms of the policy.

\* \* \* \* \* \*

"Coverage B. Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become liable to pay * * * for damages because of injury to or destruction of property * * * caused by accident and arising out of hazards hereinafter defined.

"Definition of Hazards

"Division 1. Premises—Operations. The ownership, maintenance or use of the premises, and all operations which are necessary or incidental thereto.

\* \* \* \* \* \*

"Exclusions

"(g) Under Coverage B, with respect to Division 1 of the Definition of Hazards, to injury to or destruction of buildings or contents thereof caused by the discharge, leakage or overflow of water or steam from plumbing, heating, refrigerating or air conditioning systems, elevator tanks or cylinders, standpipes or fire hose, or industrial or domestic appliances, or any substance from automatic sprinkler systems, or by the collapse or fall of tanks or the component parts or supports thereof which form a part of automatic sprinkler systems, or by rain or snow admitted directly to the building interior through defective roofs, leaders or spouting, or open or defective

doors, windows, skylights, transoms or ventilators, insofar as any of these occur on or from premises owned or rented by the named insured, unless specifically declared and described in this policy and premium charge therefor.

"(h) Under Coverage B, with respect to Division 1 of the Definition of Hazards, (1) to blasting or explosion, other than the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment, or (2) to the collapse of or structural injury to any building or structure due (a) to excavation, tunneling, pile-driving, cofferdam work or caisson work or (b) to moving, shoring, underpinning, raising or demolition of any building or structure or removal or rebuilding of any structural support thereof, while such operations are being performed by the named insured.

"(1) Under Coverage B with respect to Division 1 of the Definition of Hazards, (1) to injury to or destruction of wires, conduits, pipes, mains, sewers or other similar property, or any apparatus in connection therewith, below the surface of the ground, if such injury or destruction is caused by and occurs during the use of mechanical equipment for the purpose of excavating or drilling in streets or highways, or (2) to injury to or destruction of property at any time resulting therefrom."

██ The defendant bases its defense upon item (h), sub-section 2 of the Exclusions, but the question is whether the defendant exempted itself for liability for loss by reason of destruction of personal property located in buildings which collapsed as a result of excavation.

The complainant contends that the Exclusion (h), sub-section 2, excludes damages to any building or structure

due to excavation; that the clause specifies the nature and kind of property excluded and that no reference is made to *contents*. The defendant insists paragraph (h) excludes damages to real or personal property caused whether by blasting or explosion or by the collapse of the building due to excavation.

Thus it appears that there is an ambiguity in these sections. It should be noted that the term "or contents thereof" was inserted in paragraph (g) of the Exclusions and was omitted from paragraph (h).

There are no express words in the policy under Exclusions which exempt the Insurance Company from paying the insured damages to the contents of the adjoining buildings in the present case. The wording of paragraph (h) makes it doubtful whether the building contents were ever in the mind of the parties in connection with this Exclusion, and this doubt should be resolved in favor of the insured. If the language is ambiguous the insured is entitled to the benefit of the doubt. *Hall* v. *Acacia Mutual Life Ins. Ass'n,* 164 Tenn. 93, 46 S. W. (2d) 56; *Bank of Commerce & Trust Co.* v. *Northwestern Life Ins. Co.,* 160 Tenn. 551, 26 S. W. (2d) 135, 68 A. L. R. 1380.

The second question presents that matter of the amount of this liability. If the losses complained of by the complainant were for one accident, the liability would be $10,000, but if there were two separate accidents, then complainants would be entitled to recover twice the amount. The second collapse did not happen until two days after the first, and we think it clear that there were two accidents involved herein. If the excavation was a single act, and constitutes a single accident, then the question comes as to when the accident occurred. The

owners on the west suffered no loss and experienced no unforeseen event until the 29th.

We are of the opinion that the lower court was correct that there were two separate unforeseen events.

We are therefore of the opinion that the company is liable as heretofore stated, and that complainant is entitled to recover for the two separate accidents resulting from the excavation.

It results that the assignments of error will be overruled and the decree of the Chancellor will be affirmed.