Henry H. BARRETT, Appellant,

v.

IOWA NATIONAL MUTUAL INSURANCE COMPANY, a corporation, Appellee.

No. 16101.

United States Court of Appeals Ninth Circuit.

Feb. 26, 1959.

Brown, Sande, Symmes & Forbes, Weymouth D. Symmes, Billings, Mont., for appellant.

Coleman, Lamey & Crowley, Cale Crowley, Billings, Mont., for appellee.

Before MATHEWS, ORR and POPE, Circuit Judges.

MATHEWS, Circuit Judge.

On and after November 30, 1953, appellant, Henry H. Barrett, a citizen of Montana, owned a building at 15 North 32d Street in Billings, Montana. On November 30, 1953, appellee, Iowa National Mutual Insurance Company, an Iowa corporation doing business in Montana, issued to appellant in Montana a liability insurance policy reading, in part, as follows:

"Iowa National Mutual Insurance Company [appellee] * * *

"Agrees with the insured [appellant], * * * subject to the limits of liability, exclusions, conditions and other terms of this policy: * * *

"Coverage C—Property Damage Liability—Except Automobile: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident."

The limits of liability applicable to Coverage C were stated in a part of the policy called the declarations. The limits so stated were as follows: "$1,000.00 each accident," "$10,000.00 aggregate operations," "$10,000.00 aggregate protective" and "$10,000.00 aggregate contractual."

On May 14, 1954, portions of the building were occupied by tenants to whom they had been leased by appellant,[1] and each of the leased portions of the building, except the one leased to E. W. Haws,[2] contained personal property owned by the tenant or tenants thereof. On May 14, 1954, while the policy was in force,[3] a fire of unknown origin destroyed the building and all personal property therein.[4] Thereafter, prior to February 29, 1956, the tenants other than Haws claimed damages of appellant[5] in sums

---

[1]. Eight portions of the building were so leased—one to E. W. Haws (also known as William Haws and as William Haas), one to Tom Hanlon, one to Robert E. Dosdall and Sophia Dosdall, one to William F. Reiner and Edith E. Reiner, one to William M. Stratton and Dorothy Stratton, one to Vernon E. Miller and Mary Ina Miller, one to Joanne Hurst (also known as Joan Hirst) and one to Helen Harvey. The portions leased to Haws and Hanlon were on the ground floor of the building. The other leased portions were on the second floor. The portion leased to Haws was called the Haws Garage.

[2]. See footnote 1.

[3]. The "policy period" was from November 30, 1953, to November 30, 1954.

[4]. Starting in the Haws garage, the fire spread rapidly to and through all other portions of the building. The Billings Fire Department was called about 5:20 A.M. on May 14 and arrived at the fire within two or three minutes thereafter. Within two hours after the Department's arrival, the fire was extinguished, but not until it had destroyed the building and all personal property therein.

[5]. Seven claims were made—one by Hanlon for $11,906.96, one by the Dosdalls for $7,945.80, one by the Reiners for $6,544.63, one by the Strattons for $6,145.00, one by the Millers for $4,759.16, one

aggregating $42,677.87 because of the destruction of their personal property; actions on some of the claims were commenced in a State court of Montana; and one of the State court actions was brought to trial.

In the course of that trial, it was learned that all the claims could be settled for a total of $5,000. Appellant and appellee agreed that the claims should be so settled,[6] and the claims were so settled, but appellant and appellee disagreed as to the extent of appellee's liability. Appellant contended that appellee was liable for the entire $5,000. Appellee contended that it was liable for only $1,000 thereof. It accordingly contributed only $1,000 to the settlement. Appellant contributed the remaining $4,000 and demanded that appellee reimburse him therefor. Appellee refused.

Thereafter, on July 25, 1957, in the United States District Court for the District of Montana, an action on the policy was brought by appellant against appellee to recover the $4,000, with interest and costs. On August 29, 1957, appellee filed an answer admitting some of the allegations of appellant's complaint and denying others. On January 14, 1958, appellant and appellee filed a stipulation entitled "Stipulation and Agreement with Respect to Facts." Thereby appellant and appellee agreed to, and did, submit the case to the District Court on the facts admitted in the answer and the facts stated in the stipulation. The facts so admitted and the facts so stated were, in substance and effect, the facts we have stated in this opinion.

From these facts the District Court concluded that the fire constituted a single accident, within the meaning of the policy, and that, therefore, the limit of appellee's liability under the policy as a result of the fire was $1,000. Thus, in effect, the District Court concluded that, having contributed $1,000 to the settlement of the claims for damages resulting from the fire, appellee was not liable for the $4,000 contributed by appellant or any part thereof. Accordingly, on May 1, 1958, a judgment was entered ordering, adjudging and decreeing that appellant take nothing, and that appellee recover its costs. This appeal is from that judgment.

As indicated above, there was only one fire. However, as indicated above, the fire destroyed property owned by the tenants of seven of the leased portions of the building, and the tenants made seven claims for damages. Appellant therefore contends that the fire constituted seven accidents, within the meaning of the policy. There is no merit in this contention.[7]

As indicated above, three of the limits of liability stated in the declarations of the policy were: "$1,000.00 each accident," "$10,000.00 aggregate protective" and "$10,000.00 aggregate contractual." Appellant contends that the phrase "each accident" was ambiguous and required construction. There is no merit in this contention.[8]

Appellant contends that the phrase "each accident" was modified by the phrases "$10,000.00 aggregate protective" and "$10,000.00 aggregate contractual." There is no merit in this contention. The terms "aggregate protective" and "aggregate contractual" were defined in the policy.[9] The definitions clearly

by Hurst for $3,071.22 and one by Harvey for $2,305.10.

6. Appellee was authorized by the policy to make such settlement of the claims as it deemed expedient.

7. See St. Paul-Mercury Indemnity Co. v. Rutland, 5 Cir., 225 F.2d 689; Tri-State Roofing Co. v. New Amsterdam Casualty Co., D.C.W.D.Pa., 139 F.Supp. 193; Hyer v. Inter-Insurance Exchange, 77 Cal.App. 343, 246 P. 1055; Truck In-

surance Exchange v. Rohde, 49 Wash.2d 465, 303 P.2d 659, 55 A.L.R.2d 1288; Kuhn's of Brownsville v. Bituminous Casualty Co., 197 Tenn. 60, 270 S.W.2d 358. We have not found, nor has either party cited, any Montana case in point.

8. See cases cited in footnote 7.

9. The definitions were as follows:
"The limit of property damage liability stated in the declarations as 'aggregate protective' is the total limit of the com-

show that the phrase "each accident" was not modified by the phrases "$10,000.00 aggregate protective" and "$10,000.00 aggregate contractual" or either of them.

We agree with the District Court that the fire constituted a single accident, within the meaning of the policy; that the limit of appellee's liability under the policy as a result of the fire was $1,000; and that, having contributed $1,000 to the settlement of the claims for damages resulting from the fire, appellee was not liable for the $4,000 contributed by appellant or any part thereof.

Judgment affirmed.

pany's [appellee's] liability for all damages arising out of injury to or destruction of property, including the loss of use thereof, caused by operations performed for the named insured [appellant] by independent contractors or omissions or supervisory acts of the insured in connection therewith, except maintenance or ordinary alterations and repairs on premises owned or rented by the named insured.

"The limit of property damage liability stated in the declarations as 'aggregate contractual' is the total limit of the company's liability for all damages arising out of injury to or destruction of property, including the loss of use thereof, with respect to each contract."